**Evelyn WEEKS, surviving spouse of Norman Lee Weeks, Sr., Deceased, Plaintiff-Appellant,**

v.

**ALONZO COTHRON, INC., et al., Defendants-Appellees.**

No. 28450

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 20, 1970.

Oliver Wiley Folmar, Vacation Village, Fla., James Knight, Miami, Fla., for plaintiff-appellant.

R. Earl Welbaum, Miami, Fla., for defendants-appellees.

Before BROWN, Chief Judge, and THORNBERRY and CLARK, Circuit Judges.

PER CURIAM:

Appellant is the surviving spouse of Norman Lee Weeks, Sr. Her complaint sought damages for her husband's death upon the navigable waters of the United States and Florida, as an alleged proximate result of the negligence, carelessness and default of the corporate defendant or its officers. The district court dismissed the complaint for lack of jurisdiction over the subject matter.[1]

---

[1] Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.

■ It is appellant's contention that the district court, sitting in admiralty, has jurisdiction to enforce the state wrongful death statute in the event of death upon the navigable waters of that state resulting from negligence. We agree and thereby reverse the order dismissing appellant's complaint for lack of jurisdiction over the subject matter.

■ As in the common law, it is clear that in admiralty there exists no right of action for wrongful death in the absence of statute. Congress has created a cause of action for the death of a seaman by the Jones Act, 46 U.S.C.A. § 688, and for a death on the high seas by the Death on the High Seas Act, 46 U.S.C.A. § 761 et seq., apparently neither of which is available to appellant here. Hence, the narrow point of law before this Court is whether the Florida wrongful death statute covers claims of negligence occurring in the navigable waters of Florida, thus giving the district court admiralty jurisdiction. If the statute gives a right of action on account of death by wrongful act on the navigable waters of Florida, the admiralty courts will entertain a libel in personam for the damages sustained by those to whom such right is given. Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210

(1921); Just v. Chambers, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903 (1941); Levinson v. Deupree, 345 U.S. 648, 73 S.Ct. 914, 97 L.Ed. 1319 (1952); and The Tungus v. Skovgaard, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 524 (1959). Even a cursory reading of the Florida wrongful death statute [2] reveals that negligence occurring on the navigable waters of Florida was intended to be covered by the statute, since the statute refers to the negligence of any ship, vessel or boat or persons employed thereon.

A review of the case law further substantiates this conclusion. The case of Graham v. The Novarchos Koundouriotis, 99 F.Supp. 450 (S.D.Fla., 1951), affirmed 5th Cir. 1963, 206 F.2d 223, refers to the Florida death by wrongful act statute, § 768.01, Florida States Annotated

"under which the widow is given the right to sue and the further right to proceed in rem for death occasioned by the wrongful act, negligence, carelessness or default of any ship, vessel or boat or person employed thereon."

Also *see* United States Fidelity & Guaranty Co. v. Reed Construction Corp., 149 So.2d 578 (Fla.App.1963). The Court in Emerson v. Holloway Concrete Products Co., 5th Cir. 1960, 282 F.2d

2. The Florida statute reads as follows:
§ 768.01 Right of action for death.—
(1) Whenever the death of any person in this state shall be caused by the wrongful act, negligence, carelessness or default of any individual or individuals, or by the wrongful act, negligence, carelessness or default of any corporation, or by the wrongful act, negligence, carelessness, or default, of any agent of any corporation, acting in his capacity of agent of such corporation (or by the wrongful act, negligence, carelessness or default of any ship, vessel or boat or persons employed thereon), and the act, negligence, carelessness or default, is such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action (or to proceed in rem against the said ship, vessel or boat, or in personam against the owners thereof, or those having con-

trol of her) and to recover damages in respect thereof, then and in every such case the person or persons who, or the corporation (or the ship, vessel or boat), which would have been liable in damages if death had not ensued shall be liable to an action for damages (or if a ship, vessel or boat, to a libel in rem, and her owners or those responsible for her wrongful act, negligence, carelessness or default, to a libel in personam), notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony.
(2) The right of action as set forth in subsection (1) above shall extend to and include actions ex contractu and ex delicto. Fla.Stats. § 768.01 (1967), F.S.A.

271, referring to Florida statute § 768.-01 F.S.A. states

"The State of Florida has had for many years a statute providing for an action by libel in rem or in personam by a widow for the death of her husband caused by the negligence of a boat or of a person employed thereon."

Thus, it is clear that Florida does not bar accidents occurring on the navigable waters of the State from the purview of its wrongful death statute.

Appellees rely upon the case of Moragne v. State Marine Lines, Inc., 211 So.2d 161 (Fla.1968), to support their position that the Florida wrongful death statute creates no right that can be enforced under the admiralty jurisdiction of the district court. Appellees' reliance is misplaced, for that case cannot be interpreted to support that proposition.

The Moragne case arose when this Court certified the following question to the Florida Supreme Court:

"Does the Florida Death by Wrongful Act Statute give rise to a cause of action under principles of the maritime laws of *unseaworthiness* for the wrongful death of a longshoreman caused by the *unseaworthiness* of a vessel on the navigable waters of the State of Florida?" (Emphasis added).

The court answered this question negatively with the following rationale:

" * * * Moreover, to hold that 'unseaworthiness' is contemplated by the Act, as amended in 1953, we would have to assume that the Legislature intended to grant one small segment of our population (the surviving dependents of a deceased longshoreman or seaman killed in the course of his employment) the special privileges which the maritime law would have accorded, not to *them,* but to their *decedent,* and to deny an equal advantage to others similarly situated in all respects except as to the occupation of their decedent. In the absence of a clear legislative mandate, we cannot infer such a discriminatory intention on the part of the Legislature, even if it be assumed, arguendo, that such an intention could be validly accomplished. * * *" Moragne v. State Marine Lines, Inc., 211 So.2d at 167.

The rationale of the Moragne case is limited to the concept of unseaworthiness, which contemplates liability without fault. It is not applicable to a cause of action based upon negligence, which must be proven by a preponderance of the evidence. Indeed, the very purpose of the statute is to provide a remedy for death caused by the wrongful act or negligence of another. In any event the correctness of Moragne is now before the Supreme Court after grant of certiorari from this Court's post Florida Supreme Court certification opinion. See Moragne v. States Marine Lines, 5 Cir. 1969, 409 F.2d 32, cert. granted, 396 U.S. 900, 90 S.Ct. 212, 24 L.Ed.2d 176.

The complaint in the present case does not assert a cause of action based upon unseaworthiness of the vessel. It is based upon the negligence of the defendants. The statute giving a right of action for death caused by negligence occurring on the navigable waters of Florida, the district court sitting in admiralty has jurisdiction over the subject matter of this case and the complaint should not have been dismissed.

The district court's order of dismissal is reversed with instructions that the cause be reinstated without prejudice to the individual appellees to raise other defenses to the complaint.

Reversed and remanded.