Barbara A. GREEN, as Administratrix and personal representative of the Estate of Michael Ray Green, deceased, Etc., et al., Plaintiffs-Appellants,

v.

Harry J. ROSS et al., Defendants-Appellees.

No. 72-3705.

United States Court of Appeals, Fifth Circuit.

June 21, 1973.

James V. Dolan, Fort Lauderdale, Fla., for plaintiffs-appellants.

Richard F. Ralph, Miami, Fla., for defendants-appellees.

Before GOLDBERG, CLARK and RONEY, Circuit Judges.

CLARK, Circuit Judge:

Barbara Green, as Administratrix and personal representative of the estate of her deceased husband, Michael Ray Green, brought this suit against Harry J. Ross and the Travelers Indemnity Co. Her complaint alleged that Ross' negligence caused the death of her husband, who was struck by the propeller of the defendant's outboard motorboat while

skin diving in the Atlantic Ocean.[1] The district court concluded, after a non-jury trial, that the defendant was not negligent. Mrs. Green appeals. We affirm.

The appellant's prime contention is that the court below should have granted her request for a jury trial.[2] Mrs. Green invoked the admiralty and maritime jurisdiction of the district court to hear her claims arising under "federal maritime common law" and under the Florida Wrongful Death Act. The claim for wrongful death recovery under general maritime law is founded on the Supreme Court decision in Moragne v. States Marine Lines, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). *Moragne* merely removes the bar to recovery by survivors under general federal maritime law in those cases where an injury occurring on navigable waters results in death. *Id.* 398 U.S. at 406, 90 S.Ct. at 1790. Historically, actions for personal injury brought in the federal admiralty jurisdiction under general maritime law have not entitled the injured plaintiff to a jury trial, unless he establishes an independent jurisdictional basis for such a trial. See Fitzgerald v. United States Lines Co., 374 U.S. 16, 17, 83 S.Ct. 1646, 1648, 10 L.Ed.2d 720 (1963); 9 Wright & Miller, Federal Practice and Procedure § 2315 (1971). We agree with the district court that a *Moragne* survivor-claimant has no greater right to jury trial than his decedent, and thus affirm the denial of a jury trial on appellant's *Moragne* action.

Mrs. Green also alleged a cause of action based on the Florida Wrongful Death Act, Fla.Stat. § 768.01, F.S.A.[3] Prior to *Moragne*, this Act provided a basis for recovery in cases of fatal accidents on Florida's navigable waters resulting from negligence which was enforceable through a libel in rem or in personam brought in the admiralty jurisdiction of the federal district court. Weeks v. Alonzo Cothron, Inc., 426 F.2d 674 (5th Cir. 1970); *see* Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210 (1921); The Tungus v. Skovgaard, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 524 (1959). We need not decide here whether *Moragne* now preempts such actions in federal court based on state wrongful death statutes,[4] since even if a concurrent cause of action under the Florida Act for wrongful death on navigable waters still exists, Mrs. Green could have invoked federal jurisdiction only in admiralty[5] and therefore her suit under the state statute would have been governed by admiralty procedures. *See generally* Weeks v. Alonzo Cothron, Inc., *supra* 426 F.2d 674; Emerson v. Holloway Concrete Products

1. The district court found that the accident occurred approximately two miles east of Elliot Key, Dade County, Florida, and therefore within the territorial waters of the State of Florida. Fla.Stat. § 6.11, F.S.A.

2. The opinion of the district court denying the right to a jury trial is reported at 338 F.Supp. 365, 367 (S.D. Fla. 1972).

3. The Florida Wrongful Death Act applicable to the case *sub judice*, Fla.Stat. §§ 768.01–768.03, F.S.A., has been repealed and replaced by Fla.Stat. §§ 768.16–768.27, F.S.A., effective July 1, 1972.

4. A number of recent decisions have held that *Moragne* preempts causes of action brought in the federal admiralty jurisdiction under state wrongful death statutes. See, *e. g.*, United States Steel Corp. v. Lamp, 436 F.2d 1256, 1278–1279 (6th Cir. 1970), cert. denied 402 U.S. 987,

91 S.Ct. 1649, 29 L.Ed.2d 153 (1971); Dennis v. Central Gulf Steamship Corp., 323 F.Supp. 943, 946–948 (E.D. La. 1971), aff'd 453 F.2d 137 (5th Cir. 1972). *But cf.* Weeks v. Alonzo Cothron, Inc., 466 F.2d 578, 580 (5th Cir. 1972). *See generally*, Comment, The General Maritime Action for Wrongful Death: Pleading and Practice in the Wake of *Moragne*, 10 Houston L.Rev. 101 (1972); Comment, Maritime Wrongful Death After *Moragne*: The Seaman's Legal Lifeboat, 59 Geo.L.J. 1411 (1971).

5. The appellant lacked any non-admiralty basis for federal jurisdiction, such as diversity of citizenship, *see*, *e. g.*, United New York & New Jersey Sandy Hook Pilots Association v. Halecki, 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541 (1959); or the Jones Act, *see* Fitzgerald v. United States Lines Co., *supra*.

Co., 282 F.2d 271 (5th Cir. 1960), cert. denied 364 U.S. 941, 81 S.Ct. 459, 5 L.Ed. 2d 372 (1961); Graham v. A. Lusi, Ltd., 206 F.2d 223 (5th Cir. 1953); Young v. Clyde S.S. Co., 294 F. 549 (S.D.Fla. 1923). Thus it is clear that both of the federal jurisdictional bases which Mrs. Green sought to invoke lay exclusively on the admiralty, rather than the civil, side of the district court.

 On appeal, the appellant urges this court to abandon traditional admiralty practice and declare a right to jury trial in cases involving small craft operated by lay mariners on navigable waters since no "blue water" expertise is required to resolve the issues. We decline to carve out this narrow exception to well-established procedural rules.[6] Additionally, we note that the appellant by-passed a readily available state court action under the "savings-to-suitors" clause, 28 U.S.C. § 1333(1), and instead elected this traditionally nonjury forum. *Cf.* United States Fidelity & Guaranty Co. v. Reed Construction Corp., 149 So. 2d 578 (Fla.App.1963).

Second, the appellant contends that the trial judge erroneously sustained an objection to the introduction of a copy of the police report into evidence. The defendant objected on the basis of authenticity, and the appellant then failed to offer any proof whatsoever that the report was in fact authentic. The court's ruling was correct. F.R.Civ.P. 44; See also proposed Rules of Evidence for the United States Courts and Magistrates, Rules 901–902 (1972). The court did not reach the question of admissibility of a duplicate.

Third, despite Mrs. Green's objections, the admission of the deposition of Charles Baggett, an expert for the defendant, was within the trial court's discretion under Local Rule 14(E) of the district court. Although the defense counsel failed to timely present the plaintiff's counsel with a resume of the content of the proposed expert testimony, as required by the local rule, the spirit of the rule had been satisfied. Prior to the trial the plaintiff's counsel knew that the expert would be deposed and knew the content of his testimony. Co-counsel for the plaintiff was present at the deposition. He was told that the deposition would be offered by the defendant, and his early awareness allowed him time to arrange for the deposition of an expert of his own, if he wished to offer one.

Finally, we hold that the findings of the trial judge, giving due regard for the opportunity of the trial court to judge credibility, are not clearly erroneous. F.R.Civ.P., Rule 52.

Affirmed.

---

6. It is highly questionable if this alteration of federal procedure could be effected by opinion of an inferior court. 28 U.S.C. § 2073. *See also* Fitzgerald v.

United States Lines Co., *supra*, 374 U.S. at 22, 83 S.Ct. at 1651 (Harlan, J., dissenting).