347 So.2d 269 (1977)
Sweeney BENOIT, as Personal Representative of William Benoit, Jr., Plaintiff-Appellee,
v.
FIREMAN'S FUND INSURANCE COMPANY, Standby Crews, Inc., and Deepwater Boats, Inc., Defendants-Appellants.
No. 5988.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1977.
Rehearing Denied in Part and Granted in Part June 24, 1977.
*270 Camp, Carmouche, Palmer, Carwile & Barsh by Karl E. Boellert, Lake Charles, for defendants-appellants.
Nathan A. Cormie and Ronald J. Bertrand by Ronald J. Bertrand, Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and ROGERS, JJ.
DOMENGEAUX, Judge.
Plaintiff-appellee, Sweeney Benoit, brought this wrongful death action as personal representative of William Benoit, Jr., to recover damages on behalf of William Benoit, Jr.'s three minor children and his mother. He alleged that William Benoit, Jr., had drowned on March 8, 1973, near Eugene Island, in the Gulf of Mexico, while he was a member of the crew of the vessel "Carol Ann", a crew-type vessel owned by the defendant, Deepwater Boats, Inc., used for standby purposes and operated and manned by the defendant, Standby Crews, Inc. The boat was tied to a drilling platform rig. Defendant Fireman's Fund Insurance Company is the alleged insurer of one or both of the other two defendants.
Plaintiff claimed that the vessel was unseaworthy and that William Benoit, Jr.'s employer, Standby Crews, Inc., was negligent, therefore entitling him to recover under the Jones Act (46 U.S.C.A. Sec. 688), Death on the High Seas Act (46 U.S.C.A. Sec. 761), and the general maritime law. He requested a trial by jury and obtained leave of court to proceed in forma pauperis.
Defendants-appellants answered the petition, denying any liability for decedent's death, and alleging that William Benoit, Jr. had disappeared, without reason or explanation for the disappearance. They also specially pleaded as a bar to plaintiff's suit, a compromise settlement entered into between defendants and the mother of decedent's minor children, on their behalf.
On February 26, 1976, appellants filed, among other motions, a rule to strike the demand for a jury trial. They pleaded that the settlement for and on behalf of the minor children left only the mother of William Benoit, Jr. as the beneficiary, who, not being entitled to Jones Act benefits, could proceed only in admiralty and was, therefore, not entitled to a jury trial. The court denied the motion to strike the demand for jury trial.
The jury trial was held on May 10 and 11, 1976. The jury returned a verdict "for plaintiff and against defendant". The amounts awarded were as follows: For and on behalf of the surviving mother of William Benoit, Jr., the sum of $25,000.00 for loss of society and $50,000.00 for loss of support; for and on behalf of the three minor children of William Benoit, Jr., the total sum of $112,500.00 for loss of support. The jury failed to award any amount to the children for loss of society. Judgment was rendered on August 4, 1976.
Defendants filed a motion for a new trial, which was denied. They have appealed.
We reverse the portion of the judgment which made an award on behalf of the minor children and dismiss that claim. We reverse the portion of the judgment which made an award on behalf of the mother, and remand the mother's claim to the District Court for retrial without a jury.
Because this action arises under federal law (Jones Act, the DOHSA, and the general maritime law) we note that the scope of our review is the same as that accorded the federal appellate courts. Trahan *271 v. Gulf Crews, Inc., 260 La. 29, 255 So.2d 63 (1971), and Hocut v. Insurance Company of North America, 254 So.2d 108 (La.App. 3rd Cir. 1971).
William Benoit, Jr., an employee of Standby Crews, Inc., age 34, disappeared from the Carol Ann while she was tied to a drilling platform rig in the Gulf of Mexico. Both he and the captain, Albert Trobl, had retired to their quarters at approximately 10:00 P.M.; however, when Trobl awakened and entered the galley at 3:30 A.M. on March 8, 1973, he found Benoit in the galley smoking a cigarette.
After exchanging a few words with Benoit and using the restroom, Trobl returned to his cabin for the remainder of the night. When he arose at approximately 6:10 A.M., he found that William Benoit, Jr. had disappeared, leaving his clothing and personal belongings behind him. He searched the entire vessel, summoned assistance from the Mobil Oil Company personnel on the rig, and initiated search operations with the aid of the U.S. Coast Guard and other vessels, which continued throughout the day until midnight. His body was never found.
At the time of his disappearance, William Benoit, Jr. had lived with his parents near Creole, in Cameron Parish, Louisiana. Benoit had worked intermittently in construction, rice farming, trapping, and roughnecking. He was quite familiar with maritime work, having been employed as a roustabout on offshore drilling platforms and as a deckhand on several tugs.
He had been married to Harriet Ann Benoit from August, 1958, to June, 1969, at which time they were divorced. He was the father of three children of that marriage, aged 10, 11, and 13. However, his wife and children saw him only once in the six years before his disappearance, that is in July 1969 (one month after the divorce was final and after he had made the only child support and alimony payment.)
Within less than one month from the time of his disappearance, William Benoit, Jr.'s succession was opened. His father was appointed as administrator of the succession; however, he was followed, upon an untimely death, by William Benoit, Jr.'s uncle, who is the nominal plaintiff herein, Sweeney Benoit.
This action to recover damages for Benoit presumed death was brought two years later. Meanwhile, William Benoit, Jr.'s former wife (now married to William Rachal) fought to protect the interest of her children by filing suit in a federal court in Houston, Texas, and seeking appointment as successor administratrix to William Benoit, Jr.'s father. The appointment, however, was recalled as, unknown to her, the uncle, Sweeney Benoit, had already qualified.
Through the efforts of her attorneys, Mrs. Rachal was then appointed from the 14th Judicial District Court for the Parish of Cameron, as the natural tutrix of the three minor children, and, with the approval of the court, settled the claims of the children with the defendants for the amount of $10,500.00 on March 20, 1975. In an affidavit filed of record herein, Mrs. Rachal stated that she had not authorized Sweeney Benoit to act on behalf of her minor children with respect to any claims arising out of the disappearance or the death of their father, and did not wish him to prosecute, on behalf of her children, an action in the trial court in Cameron Parish.
In the petition for authority to settle the claim it was acknowledged by Mrs. Rachal that the settlement was highly advisable and advantageous to her minor children because the claim against defendants was disputed and uncertain and that the responsibility or liability of defendants was quite doubtful. She also acknowledged that a settlement would avoid protracted litigation which might have uncertain results.
The district judge did not recognize the aforementioned compromise settlement, and when the case came to trial, he refused to allow any evidence of Mrs. Rachal's compromise settlement to reach the jury.
Defendants assign as errors:
(1) Refusal of the trial judge to recognize the validity of the compromise settlement, and alternatively, in not allowing *272 evidence of the settlement to be presented to the jury;
(2) The absence of proof of liability on the part of defendants;
(3) The amount of damages;
(4) The form of special verdict;
(5) Improper comments by plaintiff's counsel during closing argument.
Because we decide this case on the first assignment of error, the minors' settlement, the remaining assigned errors need not be reached.
Plaintiff seeks to recover under the Jones Act, the Death on the High Seas Act, and the general maritime law.
The Jones Act permits the personal representative of the decedent to maintain an action at law with a trial by jury. He may sue for damages "for the benefit of the surviving widow or husband and children". 45 U.S.C.A. Sec. 51. Any surviving children outrank the decedent's parents and are therefore the only beneficiaries under this Act.
The Death on the High Seas Act (DOHSA) provides a remedy for wrongful death in international waters when, before its enactment, there existed none.[1]
DOHSA provides that the personal representative of the decedent may sue for the benefit of the decedent's parents or children, among others. When joined with a Jones Act claim, a DOHSA action may be tried by a jury; however, by itself it does not afford such a right. See Green v. Ross, 481 F.2d 102 (C.A. 5th Cir. 1972).
The court's scrutiny of the validity of the settlement with the tutrix must necessarily start with the proposition that settlements are favored in law. Pearson v. Ecological Science Corporation, 522 F.2d 171 (C.A. 5th Cir. 1975); Theatre Time Clock Company v. Motion Picture Adv. Corp., 323 F.Supp. 172 (E.D.La.1971).
In Lewis v. S. S. Baune, 534 F.2d 1115, 1122 (C.A. 5th Cir. 1976), a case involving settlement by representatives of several deceased seamen, the court said:
"Unquestionably the settlement of litigation and the compromise of disputed claims are favored by the courts. . . . Courts have consistently held that parties have a right to settle or compromise their litigation without the knowledge or consent of their counsel . . .. (Citations omitted.)"
At the same time, it is recognized that settlement agreements by seamen, as wards of the court, will be subjected to a careful scrutiny by the court and that such scrutiny extends to settlements made by relatives of seamen. Lewis v. S. S. Baune, supra, Hassan v. A. M. Landry & Son, Inc., 321 F.2d 570 (C.A. 5th Cir. 1963), cert, den., 375 U.S. 967, 84 S.Ct. 486, 11 L.Ed.2d 416. If there is any undue inequality in the terms, or any disproportion in the bargain, such that rights which are sacrificed on one side are not compensated by benefits on the other, the compromise cannot stand.
Further, only the personal representative, rather than a beneficiary, has the right to maintain suit for wrongful death under the Jones Act and/or DOHSA. See Civil v. Waterman S. S. Corp., 217 F.2d 94 (C.A. 2nd Cir. 1954); Doyle v. Albatross Tanker Corp., 367 F.2d 465 (C.A. 2nd Cir. 1966).
However, in this instance, the mother and natural tutrix of the minor children acted in their best interest, and there was no inequity in the bargain. To reiterate, she was well represented and was fully aware that the possibility of recovery at trial seemed bleak. Our own review of the record herein convinces us that she and her attorneys were justified in this belief.
We are constrained to hold that the trial judge committed manifest error in not recognizing the validity of the compromise entered into between Mrs. Rachal, the mother of the minor children, and the defendants.
*273 In Hassan v. A. M. Landry & Sons, Inc., supra, the mother, as administratrix of her son's estate, brought a death action, arising out of a helicopter crash in the Gulf of Mexico, under the Jones Act, DOHSA, and general maritime law. She sued on behalf of herself, the decedent's minor children, and their mother.
The widow in that case, however, had properly qualified as the natural tutrix of the minors in the 27th Judicial District Court in and for St. Landry Parish, Louisiana, seeking authority to make full and complete settlement, and then settled on behalf of the minors.
The federal appellate court in Hassan gave full faith and credit to the state court's actions, and upheld a summary judgment in favor of the decedent's employer, dismissing the entire action because, due to the settlement, the administratrix no longer had a claim under the Jones Act, and the DOHSA claim had prescribed.
The facts in Hassan are quite similar to the facts in the instant litigation. Here, the mother of the minor children was duly qualified as their tutrix by the proper state court. With the representation and assistance of her Houston and Cameron attorneys, Mrs. Rachal petitioned the same court which later tried this case (albeit before a different judge) for authority to settle, alleging that "petitioner's attorneys have investigated the facts relating to the accidental death of William Benoit, Jr., instituted an action in the U.S. District Court for the Southern District of Texas, Houston Division, and have negotiated the terms of the proposed settlement". The proposed settlement terms were contained in a formal release submitted to, reviewed by, and approved by the court.
As in Hassan, plaintiff did not question the settlement as unfair, coercive, or fraudulent. He merely argued that he, as personal representative of the decedent, had the sole and exclusive right to agree to a settlement. The following statement contained in Hassan, is relevant in this instance.
"The validity of the settlement is not attacked as fraudulent or in any other way except in the particulars which have been mentioned. The settlement having been fully and explicitly described to the Louisiana court and having received that court's approval, we think that it meets even the careful scrutiny to which settlements and releases under the Jones Act must be subjected. (Citation omitted.)"
See also Larry v. Chicago, B. & Q. R. Co., 74 F.Supp. 798 (E.D.Mo.1947).
Plaintiff suggests to this court that the right of settlement in a Jones Act case rests exclusively with the personal representative of the decedent and consequently Mrs. Rachal's compromise settlement with the defendants had no legal effect. In support of these arguments he cites a decision from a Kentucky State Court, namely, Pittsburgh, C., C. and St. L. Ry. Co. v. Collard's Administrator, 170 Ky. 239, 185 S.W. 1108 (Ct. of App. of Kentucky, 1916). We find that the proposition for which the case was cited does not necessarily reflect the true holding of that case. Furthermore, that particular foreign state court decision is not controlling here.
Because we find the compromise and settlement in the instant case a valid one the Jones Act portion of this case must necessarily fall. Only the Jones Act affords claimants a trial by jury; it is established in federal law that general maritime law does not give a right to trial by jury. It must be concluded, therefore, that because we recognize the validity of the compromise and settlement, the mother of decedent is not entitled to a trial by jury. Such an action rests solely on DOHSA and general maritime law which do not afford trial by jury. The recognition of the settlement results in the removal of the children as beneficiaries or claimants and thus in the denial of a jury trial. Consequently the claim of the mother of William Benoit, Jr. must be remanded to the district court.
For all of the foregoing reasons:
It is therefore ordered that the portion of the judgment of the district court which made an award for and on behalf of the *274 minor children is hereby reversed and that claim is ordered dismissed, with prejudice.
It is further ordered that the portion of said judgment which made an award for and on behalf of the decedent's mother is also reversed; however, the claim of the mother is remanded to the district court for consideration and decision by the trial judge on the basis of the record; provided however, the trial judge may in his discretion allow additional evidence.
All costs, at trial and on appeal, are assessed against plaintiff-appellee.
REVERSED AND REMANDED.

ON APPLICATION FOR REHEARING
Rehearing granted but limited to all aspects of the claim of decedent's mother, Mrs. Aida Benoit.[*]
NOTES
[1] The landmark decision of Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970) brought historic change by declaring that general maritime law does allow a death action for a violation of maritime duties both on the high seas and in territorial waters.
[*] Editor's Note: On settlement prior to rehearing, the appeal was voluntarily dismissed by the parties.