361 So.2d 290 (1978)
Frankie LISTER et al.
v.
TEXACO, INC., et al.
No. 12235.
Court of Appeal of Louisiana, First Circuit.
July 10, 1978.
*291 Allen A. McElroy, Jr., McElroy & Ramsey, Berwick, counsel for plaintiff.
John Blackwell, Caffery, Duhe, Oubre & Gibbens, New Iberia, for Texaco, Inc. and American Motorists Ins. Co.
Francis Emmett, New Orleans, for St. Paul Fire & Marine Ins. Co.
Christopher Tompkins, New Orleans, Peter E. Duffy, Metairie, for Louisiana Wildlife & Fish.
Porteus R. Burke, J. Phil Haney, New Iberia, for Commonwealth Ins. Co. and Berard Boats, Inc.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
CHIASSON, Judge.
This is an action, in personam, for personal injuries resulting from a mishap which occurred on the navigable waters of the Atchafalaya River when plaintiffs' 15 foot pleasure boat was allegedly rocked by wave wash created by the defendants' crewboat "KATHLEEN", causing the plaintiff, Alice S. Lister, to fall from her seat in the pleasure boat.
Plaintiffs' petition originally alleged:
"This is an admiralty and maritime claim within the meaning of rule 9(h) of the Federal Rules of Civil Procedure, and jurisdiction of this Court is invoked pursuant to the savings to suitors clause, Article III, Section 2 of the United States Constitution."
The petition further requested that there be a trial by jury.
Defendants filed a motion to strike plaintiffs' demand for a jury trial ". . . on the ground that no right of trial by jury exists under the Constitution or laws of the United States as to the issues set forth in Plaintiffs' petition . . ." and a rule to show cause was issued.
A hearing on the rule was held on May 5, 1978, during which plaintiffs requested the court's permission to amend paragraph 1 of their original petition to read as follows:
"This is a claim made under the laws of the State of Louisiana and United States of America, and jurisdiction of this Court is invoked pursuant to the laws of the State of Louisiana and the saving to suitors clause of the United States Constitution."
After arguments by opposing counsel the trial judge permitted the amendment but found that the ". . . case falls within the scope of admiralty jurisdiction where trials by jury are prohibited by law. . . ." Accordingly, defendants' motion to strike plaintiffs' demand for a jury trial was granted.
On plaintiffs' application to this court we issued an alternative writ of mandamus directing the trial judge to grant a jury trial of all issues presented by relators' petition *292 as amended, or, in the alternative, directing the trial judge and the respondent, Texaco, Inc. et al, to show cause in this Court why the writ should not be made peremptory. The trial judge elected the alternative, and the matter is now before us for decision.
This court was not favored with a return by the honorable trial judge; however, the respondents, Texaco, Inc. et al, in brief, contend that inasmuch as relators have chosen to bring this matter in state court specifically pleading rule 9(h) of the Federal Rules of Civil Procedure, which identifies their claim as a maritime claim, mere reference in their petition to jurisdiction pursuant to the saving to suitors clause under 28 U.S.C. § 1333 does not entitle them to a trial by jury. Respondents further contend that no right to a trial by jury exists under the general maritime law and that uniformity requires that Louisiana law must yield to federal maritime law. Relators elected to bring their claim in state court pursuant to the savings to suitors clause where they were assured the common law remedy of a jury trial. However their claim, as originally set forth, included the rule 9(h) designation which invokes the admiralty jurisdiction wherein jury trials are specifically prohibited. In Romero v. Bethlehem Steel Corporation, 515 F.2d 1249 (5th Cir. 1975), the Court of Appeals held that where an action cognizable in admiralty may also be brought as a civil suit on the law side of the Federal District Court pursuant to the savings to suitors clause of 28 U.S.C. § 1333, a jury trial may be obtained simply by omitting or withdrawing the 9(h) designation. The choice made by the pleader in identifying or in failing to identify his claim as an admiralty or maritime claim is not an irrevocable election. Inasmuch as relators were allowed to amend their petition to delete the rule 9(h) designation, they have effectively waived their rights under admiralty procedures and/or remedies. Their claim now proceeds exclusively as a civil action, in state court, pursuant to the savings to suitors clause and they are therefore entitled to a trial by jury. See: Fitzgerald v. United States Lines Company, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed. 720 (1963); Scurlock v. American President Lines, 162 F.Supp. 78 (N.D.Calif.1958); Moore's Federal Practice, Vol. 7A p. 2202.
As to respondents' second contention, we agree that Louisiana law must yield to federal maritime law in actions based upon maritime torts. However, as stated in Fitzgerald v. United States Lines Company, supra, while the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the Constitution forbids them. Nor does any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid jury trials in maritime cases tried in an ordinary civil action in state court, or in federal court on the civil side, given diversity of citizenship and the requisite jurisdictional amount. Therefore, there is no such prohibition in maritime tort actions arising pursuant to the savings to suitors clause. Accordingly, there is no conflict between the Louisiana law which grants unto relators the right to trial by jury and the federal maritime law.
The writ issued herein is therefore made peremptory, and it is ordered that relators be granted a jury trial of all issues presented by their petition as amended on May 5, 1978.
WRIT MADE PEREMPTORY.