SAMUEL, Judge.
This is an appeal from a judgment granting defendants’ motion to strike plaintiff’s prayer for a jury trial. The matter previously has been-before this court on the issue of whether or not the suit was filed timely. On that occasion we held the admiralty doctrine of laches allowed the plaintiff to maintain his suit against defendants even though it was filed after passage of the Louisiana one year prescriptive period.[1] However, we also maintained the defendants’ exception of vagueness and remanded to the district court for further proceedings.
The pertinent facts alleged are that plaintiff was injured September 29, 1971 aboard a barge while working as an equipment operator for its owner, Western Company of North America, Inc. On November 27,1973, he filed a suit for damages in state court against his employer and its insurer under the Jones Act[2] and against Zigler Shipyards, Inc. and its insurer, The Fidelity and Casualty Company of New York, under the general maritime law, alleging Zigler had designed and built the defective shipboard steps from which he fell.
Plaintiff compromised his Jones Act claim, and his only remaining claim is the admiralty action against Zigler Shipyards and its insurer. On remand, plaintiff amended his petition by specifically setting forth in detail the defects which he contends made the steps unsafe and rendered the vessel unseaworthy. In his amended petition he reiterated the prayer of his original petition for a trial by jury. The sole question presented in this appeal is whether plaintiff may have a trial by jury in this state court action.
The United States Constitution provides for federal jurisdiction of all admiralty and maritime cases.[3] Congress supplemented this constitutional provision by vesting exclusive admiralty jurisdiction in the federal district court, “saving to suitors” all other remedies to which they might *1245 be entitled in state courts.[4] The jurisprudence has interpreted this clause to mean a litigant who possesses a claim enforceable by libel in personam in admiralty, may also bring suit, at his election, by ordinary action in a state court or on the civil side of a federal court.[5] It is generally accepted in American jurisprudence that rules of admiralty law displace rules of local law in actions brought under the saving to suitors clause in non-admiralty courts.[6]
In the case of Pope & Talbot, Inc. v. Hawn[7] the United States Supreme Court made the following statement:
“ * * * [Ajction is a maritime tort, a type of action which the Constitution has placed under national power to control in ‘its substantive as well as its procedural features * * Panama R. Co. v. Johnson, 264 U.S. 375, 386, 44 S.Ct. 391, 393, 68 L.Ed. 748. * * * ”
Additionally, in Garrett v. Moore-McCor-mack Co., Inc.,[8] the United States Supreme Court made the following statement regarding application of maritime law to actions in state court:
“It must be remembered that the state courts have concurrent jurisdiction with the federal courts to try actions either under the Merchant Marine Act or in personam such as maintenance and cure. The source of the governing law applied is in the national, not the state, governments. If by its practice the state court were permitted substantially to alter the rights of either litigant, as those rights were established in federal law, the remedy afforded by the state would not enforce, but would actually deny, federal rights which Congress, by providing alternative remedies, intended to make not less, but more secure.” (footnote omitted).
These quotations seem to state an unequivocal mandate that admiralty law, in both its substantive and procedural aspects, be adhered to when applied by a state court possessing concurrent jurisdiction under the saving to suitors clause.
Under certain circumstances admiralty and maritime claims are triable by jury. When admiralty claims are joined to a claim on the law side of a Federal District Court (for example, federal questions such as the Jones Act or diversity cases), all issues both maritime and non-maritime are triable to a jury on demand.[9] On the other hand, two Federal District Courts, sitting in Louisiana, held that where a claim is brought only under the general maritime law in those courts, and there exists no other independent basis of federal civil jurisdiction, the matter may be tried only by the judge without a jury.[10]
Reference to Louisiana law is inconclusive on the question. In Istre v. Diamond M. Drilling Company,[11] the Third Circuit made an exhaustive review of both state *1246 and federal jurisprudence and concluded on rehearing that the Louisiana prescriptive statute, being procedural in nature and also the law of the forum, should prevail over the doctrine of laches in maritime matters. Writs were granted by the Louisiana Supreme Court, but the matter was compromised while the writs were pending. In an earlier hearing in the case now before us we arrived at the contrary conclusion and established the supremacy of the maritime doctrine of laches over the Louisiana prescriptive statute. The question of whether the right to a trial by jury is a procedural rule of the forum, which should be applied in state courts even in cases solely under the general maritime law, is still open. The Third Circuit later made a determination that a jury trial is not available in state court when it is not joined with some other cause of action entitled to trial by jury, such as the Jones Act.[12] However, this decision was rendered moot when the Louisiana Supreme Court granted writs, refused to recognize a Jones Act release given by another party, and remanded to the Court of Appeal for consideration of the matter under both the Jones Act and the general maritime law.[13]
Since there is no uniformity in Louisiana regarding the application of procedural rules of the forum in admiralty matters,[14] we base our decision on a more fundamental concept. The rule is generally recognized that even though this court possesses the right of review of both law and fact, in maritime matters the admiralty law prevails and this court is powerless to redetermine facts found by the jury even though it may reach a different conclusion or be of the opinion that a contrary result is more reasonable.[15] The clear import of these decisions is that federal maritime procedure is controlling, at least in procedural matters which go to the heart of the nature of the ultimate factual determination. A jury trial, like the scope of appellate review, is also a procedural matter which goes to the heart of the nature of the ultimate factual determination. Therefore, we are of the opinion the maritime law, which here would not permit trial by jury, should prevail with regard to a litigant’s right to trial by jury in our state courts under the saving to suitors clause.[16]
In addition, to paraphrase in part and quote in part from one of defendants’ briefs, it would be manifestly unfair (and unfairness basically is a violation of due process) to permit the plaintiff, simply by filing his suit in a state rather than a federal court to avail himself of the full benefits of this admiralty claim under federal law (as he has done by successfully insisting on the application of the admiralty doctrine of laches) without accepting all the basic federal requirements. He cannot be heard to say: “I want laches so as to avoid the clear application of prescription; I want appellate review only on the law and not on the facts; I want contributory negligence only in reduction of the damages but not as a bar to recovery; I don’t want application of the doctrine of assumption of the risk” [all contrary to our state law] and then say: “But I also want a trial by jury” [which would be available under our state law but would not be available in a federal court].
We consider this result consistent without previous holding in this case (a holding now final insofar as this court is concerned) and with the principles to which the United States Supreme Court gave at least lip service in Hawn and Garrett.
For the reasons assigned, the judgment appealed from is affirmed, and this case is *1247 remanded to the district court for further proceedings consistent with law and with the views herein expressed.
AFFIRMED AND REMANDED.

. Lavergne v. Western Company of No. America, Inc., La.App., 346 So.2d 239.

. 46 U.S.C.A. § 688.

. United States Constitution, Art. 3, § 2.

. The pertinent statute, as now worded, is 28 U.S.C.A. § 1333, which provides: “The district courts shall have original jurisdiction, exclusive of the courts of the States of:
(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.”

. See Rounds v. Clover Port Foundry & Machine Co., 237 U.S. 303, 35 S.Ct. 596, 59 L.Ed. 966 (1915); The Knapp, Stout & Co. v. McCaffrey, 177 U.S. 638, 20 S.Ct. 824, 44 L.Ed. 921 (1900); Leon v. Galceran, 78 U.S. (11 Wall.) 185, 20 L.Ed. 74 (1871).

. Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953); Garrett v. Moore-McCormack Co., Inc., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942); Chelentis v. Luckenbach S.S. Co., Inc., 247 U.S. 372, 35 S.Ct. 596, 59 L.Ed. 966 (1918); Southern-Pacific Company v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086 (1917).

. 346 U.S. 406 at 409, 74 S.Ct. 202 at 205, 98 L.Ed. 143.

. 317 U.S. 239, 245, 63 S.Ct. 246, 251, 87 L.Ed. 239.

. Fitzgerald v. U. S. Lines Co., 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720; Haskins v. Point Towing Co., 395 F.2d 737 (3rd Cir. 1968).

. Callahan v. Cheramie Boats, Inc., 383 F.Supp. 1217 (E.D.La.1974); Brock v. Baroid Division of National Lead, 339 F.Supp. 728 (W.D.La.1972).

. La.App., 226 So.2d 779.

. See Benoit v. Fireman's Fund Ins. Co., La. App., 347 So.2d 269.

. See Benoit v. Fireman’s Fund Ins. Co., La., 355 So.2d 892.

. Compare Istre v. Diamond M. Drilling Company, supra, note 11, with Lavergne v. Western Company of No. America, Inc., supra, note 1.

. Guilbeau v. Calzada, La.App., 240 So.2d 104; Ferdinandtsen v. Delta Marine Drilling Company, La.App., 235 So.2d 641.

. Trial by jury is not a matter of right in Louisiana in “. . . cases where a jury trial is specifically denied by law.” LSA-C. C.P. Art. 1733(5).