367 So.2d 1210 (1978)
Everette P. HEBERT
v.
DIAMOND M. COMPANY et al.
No. 12463.
Court of Appeal of Louisiana, First Circuit.
December 15, 1978.
*1211 Joseph L. Waitz, Houma, for plaintiff.
Christopher B. Siegrist, Houma, Raymond Morgan Allen, Lafayette, for defendants.
John J. Weigel, New Orleans, for third-party defendant.
J. Mark Graham, Houma, for intervenor.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
BLANCHE, Judge.
This is an action for damages for injuries which occurred when plaintiff, Everette P. Hebert, was being transferred from the crew boat, "Master Jody," to a tender barge serving an offshore platform.
Plaintiff alleges that the crane lifting the personnel carrier in which he was riding malfunctioned during the transfer, causing him to be dropped and sustain serious injuries. In his petition plaintiff alleges the claim is one cognizable in admiralty, that he is entitled to bring the action in state court under the "Savings to Suitors" clause, and that the applicable substantive law is the general federal maritime law, including but not limited to the Doctrine of Unseaworthiness.
Defendants, Diamond M. Company and Joseph Hawks (the company's safety director), answered the petition, prayed for a jury trial, and subsequently filed a Motion to Fix Bond for Jury Trial. The trial judge denied the motion, noting briefly that the "lawsuit involves a claim under the General Maritime Law in which plaintiff has invoked the admiralty jurisdiction of the court, and since in federal law such a claim does not give right to trial by jury, the motion * * * is denied."
On defendants' application to this Court, we issued an alternative writ of mandamus directing the trial judge to grant a jury trial or, in the alternative, directing the trial judge and the respondent Hebert to show cause in this Court why the writ should not be made peremptory. The trial *1212 judge elected the alternative and filed a brief in support of his decision. No brief was filed by Hebert. After careful consideration, this Court has determined that the writ should be made peremptory.
In his brief, the trial judge advanced three bases to support his decision:
1. "[T]he granting of defendants' request for trial by jury would immediately lead to other litigants making the same request and thereby creating a court docket condition where all litigants seeking recourse to the courts will be denied their right to a speedy trial";
2. "[T]he granting of a jury trial in this case would be an unnecessary and unreasonable burden and imposition upon the citizens of this parish who will be called at personal sacrifice to serve on the jury"; and
3. "[T]rial by jury in a general maritime tort action such as this case is prohibited."
We find that the first two grounds asserted by the trial judge are totally unpersuasive. While it is unfortunate that our lower courts' dockets may suffer overcrowding, and it is no doubt an inconvenience may be occasioned to citizens who must serve on juries, civil or criminal, these reasons should not be sufficient to deny a litigant a jury trial to which he may otherwise be entitled.
The trial judge's third claim, that a trial by jury in a general maritime tort action is prohibited, while deserving of more careful consideration, is likewise without merit. Two recent Louisiana cases were cited in support of that proposition: Benoit v. Fireman's Fund Insurance Company, 347 So.2d 269 (La.App. 3rd Cir. 1977); and Lavergne v. Western Company of North America, Inc., 363 So.2d 1243 (La.App. 4th Cir. 1978).
Benoit v. Fireman's Fund Insurance Company, supra, involved an action by a wife and three children for the wrongful death of the husband which occurred when he drowned while working on the defendant's crew boat. Recovery was sought under the Jones Act, the Death on the High Seas Act (DOHSA) and the general maritime law. Trial was by jury. The Court noted in dicta:
"* * * When joined with a Jones Act claim, a DOHSA action may be tried by a jury; however, by itself it does not afford such a right. See Green v. Ross, 481 F.2d 102 (C.A. 5th Cir. 1972)." (Benoit v. Fireman's Fund Insurance Company, 347 So.2d at 272)
In Green v. Ross, supra, an action for wrongful death under the general maritime law was brought in federal district court based upon Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). The U. S. Fifth Circuit Court of Appeals affirmed the trial court's denial of a jury trial. However, the important factor in Green, supra, as it relates to Benoit and the instant case is that in Green the plaintiff invoked the admiralty jurisdiction of the federal district court. In federal procedural parlance prior to 1966, the action was brought "on the admiralty side" of the court where trial is without a jury; and this is, in our opinion, what prompted the Fifth Circuit Court of Appeals to say:
"* * * Historically, actions for personal injury brought in the federal admiralty jurisdiction under general maritime law have not entitled the injured plaintiff to a jury trial, unless he establishes an independent jurisdictional basis for such a trial." [Citations omitted] (Green v. Ross, 481 F.2d at 103Emphasis added)
Since Green involved a claim on the admiralty side of federal court, it cannot possibly be authority for the proposition that a party who asserts a general maritime or DOHSA claim in state court under the savings to suitors clause does not have a right to a jury trial. On the contrary, the court clearly states that a litigant would have a right to jury trial on the "law side" of federal court if he were able to establish an "independent jurisdictional basis" for the admiralty claim. Hence, the dicta in Benoit relied upon by the trial judge in his brief does not support his judgment that a litigant in a maritime tort action brought in state court is not entitled to a jury trial.
*1213 The second case relied upon by the trial judge is the case of Lavergne v. Western Company of North America, Inc., supra. There, in an action for injuries which occurred while appellant was an equipment operator on a barge owned by the defendant-appellee, the Fourth Circuit Court of Appeal refused to reverse the judgment of the trial court granting defendant's motion to strike plaintiff-appellant's prayer for a jury trial. The Court reasoned, by analogy, as follows:
"Since there is no uniformity in Louisiana regarding the application of procedural rules of the forum in admiralty matters, * * * we base our decision on a more fundamental concept. The rule is generally recognized that even though this court possesses the right of review of both law and fact, in maritime matters the admiralty law prevails and this court is powerless to redetermine facts found by the jury even though it may reach a different conclusion or be of the opinion that a contrary result is more reasonable. [Citing Guilbeau v. Calzada, 240 So.2d 104 (La.App. 4th Cir. 1970), and Ferdinandtsen v. Delta Marine Drilling Company, 235 So.2d 641 (La.App. 4th Cir. 1970)] The clear import of these decisions is that federal maritime procedure is controlling, at least in procedural matters which go to the heart of the nature of the ultimate factual determination. A jury trial, like the scope of appellate review, is also a procedural matter which goes to the heart of the nature of the ultimate factual determination. Therefore, we are of the opinion the maritime law, which here would not permit trial by jury, should prevail with regard to a litigant's right to trial by jury in our state courts under the savings to suitors clause. * * * "(363 So.2d at 1246)
We find this analogy by the Fourth Circuit unpersuasive for two reasons. First, this Court is not convinced that in a general maritime action brought under the savings to suitors clause it is required to apply a federal rule regarding review of jury verdicts. The cases relied upon by the Fourth Circuit to reach this conclusion are easily distinguishable and do not support that proposition. Second, the analogy itself is self-contradictory in that the basic premise includes the possibility of a jury trial.
Ferdinandtsen v. Delta Marine Drilling Company, supra, is easily distinguishable from the case at bar since it involves a Jones Act claim. There, the Fourth Circuit relied upon Rogers v. Missouri Pacific Railroad Company, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1956), a case involving a claim under the Federal Employers Liability Act (FELA), in holding that it was severely limited in its scope of review of the factual findings of the jury. In Rogers the United States Supreme Court held that to allow lower federal and state courts to "deprive litigants of their right to a jury determination" by substituting their own judgment for that of the jury's would frustrate the congressional intent, since Congress had expressly stipulated that FELA claimants had a right to a jury trial. The Louisiana Supreme Court, in Trahan v. Gulf Crews, Inc., 260 La. 29, 255 So.2d 63 (1971), a case involving a claim under the Jones Act, followed Ferdinandtsen, supra, noting that Congress made the Federal Employers Liability Act applicable to seamen when it enacted the Jones Act, and held that a limited scope of review was mandated by Rogers. Therefore, Ferdinandtsen does not stand for the proposition that a Louisiana court cannot review facts in an action brought under the general maritime law since the underlying reasoning of that case is based upon statutory construction of congressional intent regarding specific congressional acts[1] and has little to do with general admiralty or maritime principles.
Neither can Guilbeau v. Calzada, supra, be relied upon in support of the above proposition, for the single authority upon which it relied was its own opinion in Ferdinandtsen. Guilbeau did involve a general maritime tort claim under the savings to suitors *1214 clause, but the claim was tried before a judge and the court merely noted its previous opinion and stated:
"In cases of this type our method of review must correspond to that of the federal appellate courts. * * *" (240 So.2d at 109)
Our research reveals that Guilbeau stands alone in Louisiana jurisprudence. This Court is, therefore, inclined to discount its validity.
We, therefore, find that the basic premise upon which the Court in Lavergne reached its conclusion, i. e., that a state court is severely limited in its scope of review of jury verdicts in general admiralty and maritime claims, is at best uncertain, and at worst, not supported by the jurisprudence. As a result, we believe the Lavergne analogy cannot be dispositive of the instant case.
Further, if, in fact, "federal maritime procedure is controlling, at least in procedural matters which go to the heart of the nature of the ultimate factual determination" (Lavergne, supra, 363 So.2d at 1246), and a state court may not grant a jury trial in actions based upon general maritime law, nor review the findings of that jury, the same rule must necessarily apply to an admiralty claim brought on the civil side of federal court. This is because both claims are brought under the savings to suitors clause. However, it is well established that a plaintiff who brings his admiralty claim on the civil side of federal court has a right to a jury trial since this is one of the remedies saved to suitors under 28 U.S. C.A. § 1333. Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, 369 U.S. 355, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962); Romero v. Bethlehem Steel, 515 F.2d 1249 (5th Cir. 1975); Ballard v. Moore-McCormack Lines, Inc., 285 F.Supp. 290, 292 (S.D.N.Y. 1968); cf. Fitzgerald v. United States Lines Company, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963); Carlisle Packing Company v. Sandanger, 259 U.S. 255, 42 S.Ct. 475, 60 L.Ed. 927 (1922).
We, therefore, find that none of the reasons or authorities set forth by the trial judge in his brief compel this Court to hold that a litigant in an admiralty or general maritime action brought under the savings to suitors clause is unable to obtain a jury trial. We believe the question is resolved by a careful examination of the history and function of the "savings to suitors" clause of 28 U.S.C.A. § 1333.
Federal district courts have exclusive jurisdiction over all claims cognizable in admiralty and maritime law (Article III, § 2, U. S. Constitution, 28 U.S.C.A. § 1333), "saving to suitors in all other cases all other remedies to which they are otherwise entitled." 28 U.S.C.A. § 1333.[2] When a claim is cognizable in admiralty, a litigant has several choices.
First, he may bring his claim in federal district court based upon the admiralty jurisdiction granted by Article III, § 2 of the Constitution and 28 U.S.C.A. § 1333. Prior to 1966, the federal court was divided into sides: the "admiralty" side and the "law" or "civil" side. When an admiralty suit was filed, it was placed on a separate docket with separate rules of procedure peculiar to admiralty cases. In 1966 the two sides were merged. According to Gilmore & Black:
"* * * [T]he admiralty `suit' became a regular `civil action', and the Federal Rules of Civil Procedure were made generally applicable, with some special rules for certain cases heard under the `admiralty' jurisdictional grant. * *" (Gilmore & Black, The Law of Admiralty, 2d ed. 1975, p. 2)
Today, a litigant wishing to invoke the admiralty jurisdiction of the federal court, when there exists on the face of his complaint other independent grounds for federal jurisdiction, does so by designating his claim as one in admiralty under Rule 9(h) of the Federal Rules of Civil Procedure. The benefit of having the claim heard on the "admiralty side" arises from various procedural *1215 rules and remedies peculiar to the admiralty court.
Although 28 U.S.C.A. § 1333 grants federal courts exclusive jurisdiction over admiralty and maritime claims, a litigant may also bring such claims, if they are in personam, on the "civil" side of federal court[3] or in state courts under the "savings to suitors" clause. Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, supra; Garrett v. Moore-McCormack Company, 317 U.S. 239, 243, 244, 63 S.Ct. 246, 249, 250, 87 L.Ed. 239 (1942); Carlisle Packing Company v. Sandanger, supra; Seas Shipping Company v. Sieracki, 328 U.S. 85, 88, 66 S.Ct. 872, 874, 90 L.Ed. 1099 (1946). However, regardless of which court, or which side of federal court, the action may be brought, the federal substantive admiralty or maritime law applies if the claim is one cognizable in admiralty. Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953); Atlantic & Gulf Stevedores, Inc. v. Ellerman, supra; Garrett v. Moore-McCormack Company, supra; Seas Shipping Company v. Sieracki, supra. This is due to the great need for uniformity and the problems which would be created by contradicting local rules applying to navigable waterways and those who use them.[4]
What is saved under the "savings to suitors" clause, therefore, is not a remedy at common law, but a common law remedy. In The Moses Taylor, 4 Wall. 411, 431, 18 L.Ed. 397; Chelentis v. Luckenbach S. S. Company, 247 U.S. 372, 38 S.Ct. 501, 62 L.Ed. 1171 (1918). Therefore, a maritime or admiralty action in a non-admiralty court is still controlled by federal substantive law, but the remedy is regulated by the lex fori. Chelentis v. Luckenbach S. S. Company, supra. In Chelentis, the Supreme Court, in explaining this difficult concept, pointed out:
"The distinction between rights and remedies is fundamental. A right is a well founded or acknowledged claim; a remedy is the means employed to enforce a right or redress an injury. Bouvier's Law Dictionary. Plainly, we think, under the saving clause a right sanctioned by the maritime law may be enforced through any appropriate remedy recognized at common law; but we find nothing therein which reveals an intention to give the complaining party an election to determine whether the defendant's liability shall be measured by common-law standards rather than those of the maritime law. * * *" (38 S.Ct. at 504 Emphasis supplied)
Therefore, if a remedy is available on the "law side" of federal court, or in state court, an admiralty claimant who meets the jurisdictional requirements of the court in which he brings his action is entitled to that remedy, provided it does not alter or conflict with the substantive rights of the parties under the admiralty or maritime laws.
Thus, the criteria to determine whether a particular remedy is available to an admiralty litigant in a non-admiralty court are as follows: (1) The remedy must be one to which the litigant would otherwise be entitled under the law of the forum; and (2) notwithstanding (1) above, the remedy must not alter or conflict with the maritime or admiralty law which establishes the substantive rights of the parties.
In a civil action brought in federal court, litigants are guaranteed (by the Seventh Amendment to the United States Constitution) the right to trial by jury in all *1216 actions where the amount in controversy exceeds $20.00. In Louisiana, the right to trial by jury is recognized by Article 1731 of the Louisiana Code of Civil Procedure, subject to certain limitations contained in Article 1733. It is clear, therefore, that in both the civil side of federal court and a state court in Louisiana, a jury trial is a remedy to which a litigant is "otherwise entitled." 28 U.S.C.A. § 1333.
The only remaining question is whether a jury trial alters or conflicts with the substantive admiralty or maritime rights of the parties. Initially, we note that the United States Supreme Court held in Fitzgerald v. United States Lines Company, supra:
"While this Court has held that the Seventh Amendment does not require jury trials in admiralty cases, * * * neither that Amendment nor any other provision of the Constitution forbids them. * * * Nor does any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid jury trials in maritime cases. * * *" (83 S.Ct. at 1650)
To hold that a litigant has a right to a jury trial, therefore, would not conflict with any express substantive rights under admiralty law. Lister v. Texaco, Inc., 361 So.2d 290 (La.App. 1st Cir. 1978). We are unable to see how substituting one fact finder for another would in any way alter the substantive rights of the parties. A jury trial is simply a method of enforcing substantive rights. As such, it is purely remedial; and where it is available in civil actions, it is one of the remedies to which a suitor is "otherwise entitled," 28 U.S.C.A. § 1333, saved to him under the savings clause.
We believe the above conclusion is borne out by the federal jurisprudence which has recognized the jury trial right of admiralty and maritime litigants in an action on the civil side of federal court under the savings to suitors clause. Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, supra; Romero v. Bethlehem Steel, supra; Ballard v. Moore-McCormack Lines, Inc., supra; cf. Carlisle Packing Company v. Sandanger, supra; Fitzgerald v. United States, supra. Further, regarding the above principles, there is no apparent conceptual distinction between an admiralty claim brought under the savings to suitors clause as a civil action in federal court and one brought as a civil action in state court.[5] We conclude, therefore, that since trial by jury is a remedy recognized in this state, this remedy is available to a litigant in a maritime or admiralty claim the same as it would be to any other civil litigant before our courts.
For the above and foregoing reasons, the alternative writ issued herein is made peremptory, and it is ordered that relator be granted a jury trial.
WRIT MADE PEREMPTORY.
NOTES
[1] The jurisprudence since Rogers has generally stated that in Jones Acts and FELA actions a jury trial is part of the substantive right. Therefore, for an appellate court to substitute its judgment for that of the jury would be to deny that right.
[2] As originally enacted, the clause read, "Saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it." It has generally been held that the 1946 Amendment did little, if anything, substantively to change the prior law.
[3] A claimant can invoke the jurisdiction of the federal court to hear the claim under 28 U.S. C.A. § 1332 provided the requisite diversity and jurisdictional amount are met. However, the Supreme Court of the United States held in Romero v. International Terminal Operating Company, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), that a claim in admiralty was not one "arising under" the constitution, statutes or laws of the United States for the purposes of federal question jurisdiction under 28 U.S.C.A. § 1331. Hence absent diversity, an in personam admiralty claim may only be brought on the admiralty side of federal court (§ 1333) or in state court under the savings to suitors clause.
[4] Also considered part of the applicable substantive federal law are certain remedies or procedures which are so inextricably tied to the substantive right as to be part of it, e. g., comparative negligence applies to admiralty claims rather than contributory negligence; the doctrine of laches replaces the state's prescriptive laws.
[5] There exists no admiralty "side" or "jurisdiction" in state court; all admiralty actions brought in state court must be brought under the savings to suitors clause.