371 So.2d 807 (1979)
Joseph Lee LAVERGNE
v.
The WESTERN COMPANY OF NORTH AMERICA, INC., Highlands Insurance Company, Zigler Shipyard, Inc., and the Fidelity & Casualty Company of New York.
No. 63646.
Supreme Court of Louisiana.
May 21, 1979.
*808 S. Michael Cashio, Kenner, for plaintiff-applicant.
David W. Robinson, George K. Anding, Jr., Watson, Blanche, Wilson & Posner, Baton Rouge, for defendants-respondents.
MARCUS, Justice.
Joseph Lee Lavergne instituted this action on November 27, 1973, to recover damages for personal injuries. Named defendants were The Western Company of North America, Highlands Insurance Company (liability insurer of Western), Zigler Shipyards, Inc., and The Fidelity and Casualty Company of New York (liability insurer of Zigler).
In his original petition, plaintiff alleged that on September 29, 1971, while employed as an equipment operator on a barge owned and operated by Western, he fell to the deck injuring his back and spine while descending a steep set of irregular steps. Plaintiff sought recovery against Western, his employer, alleging various acts of negligence under the Jones Act (46 U.S.C. § 688); in addition, he sought "maintenance and cure" under the general maritime law from Western. Plaintiff further averred that his fall and resulting injuries were caused by Zigler's defective and negligent design and construction of the steps and its failure to warn him of the hazard and unseaworthy condition caused by the steps. Plaintiff also requested a trial by jury.
Defendants' answers generally denied the allegations of plaintiff's petition. Prior to trial, plaintiff settled his Jones Act and maintenance and cure claims against Western and its liability insurer, Highlands, and released them from all of his claims arising out of the accident. Plaintiff reserved his rights against Zigler and Fidelity and proceeded with his claim against them.
Thereafter, Zigler and Fidelity filed, inter alia, exceptions of prescription (based upon one-year prescriptive period provided by La. Civil Code art. 3536) and vagueness. The district court maintained the exception of prescription and dismissed plaintiff's suit as to Zigler and Fidelity. On appeal, the court of appeal reversed, holding that, because plaintiff's claim was grounded in admiralty, the doctrine of laches applied permitting plaintiff to maintain his suit against defendants even though it was filed after the passage of the Louisiana one-year prescriptive period. The court sustained defendants' exception of vagueness and remanded the case to the district court for further proceedings.[1] On remand, plaintiff amended his petition to more adequately state the factual basis for his assertion that the steps were designed and/or constructed by Zigler in a negligent manner. Thereafter, Zigler and Fidelity filed a motion to strike plaintiff's demand for a jury trial, grounded upon the contention that the general maritime law precluded a trial by jury of plaintiff's action.
The district court granted defendants' motion to strike and ordered plaintiff's demand for a jury trial stricken. The court of appeal affirmed.[2] On plaintiff's application, we granted certiorari to review the correctness of this decision.[3]
*809 The sole issue presented for our resolution is whether a plaintiff who brings an in personam action in our state courts based upon the general maritime law has a right to a trial by jury.
The United States constitution provides that the judicial power of the United States extends to "all Cases of admiralty and maritime Jurisdiction." U.S.Const. art. III, § 2. This constitutional grant of federal jurisdiction is codified in 28 U.S.C. § 1333 which provides in pertinent part:
The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled. (emphasis added)
In general, the exclusive admiralty jurisdiction of federal courts afforded by section 1333 has been limited to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien. Madruga v. Superior Court, 346 U.S. 556, 74 S.Ct. 298, 98 L.Ed. 290 (1954). However, it is well settled that, pursuant to the "saving to suitors" clause of section 1333, a suitor who holds an in personam claim (I. e., where defendant is a person, not a ship or other instrument of navigation), which might be enforced by suit in personam under the admiralty jurisdiction of the federal courts, may also bring suit, at his election, in the "common law" courtsthat is, by ordinary civil action in federal court, without reference to "admiralty," given an independent basis of federal jurisdiction (e. g., diversity of citizenship and requisite jurisdictional amount as provided in 28 U.S.C. § 1332) or in state court. See Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); Madruga v. Superior Court, supra; Rounds v. Cloverport Foundry & Machine Co., 237 U.S. 303, 35 S.Ct. 596, 59 L.Ed. 966 (1915); Leon v. Galceran, 78 U.S. (11 Wall.) 185, 20 L.Ed. 74 (1871); see also G. Gilmore & C. Black, The Law of Admiralty § 1-13 (2d ed. 1975). Hence, in the instant case, plaintiff had the option to bring suit either in federal court pursuant to its admiralty jurisdiction or, under the saving to suitors clause, in the appropriate non-maritime court, by ordinary civil action. However, regardless of in which court the action is brought, the federal substantive admiralty or maritime law applies if the claim is one cognizable in admiralty. Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, 369 U.S. 355, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962); Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953); Garrett v. Moore-McCormack Company, 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942).
Historically, actions for personal injuries brought in the federal admiralty jurisdiction under the general maritime law do not entitle the injured plaintiff to a jury trial. Green v. Ross, 481 F.2d 102 (5th Cir. 1973). Nor was the unification of the admiralty and civil rules of 1966 intended to work a change in the general rule that admiralty claims are to be tried without a jury. Fed.R.Civ.P. 9(h), 38(e); Romero v. Bethlehem Steel Corporation, 515 F.2d 1249 (5th Cir. 1975). Fed.R.Civ.P. 9(h) serves only as a device by which the pleader may claim the special benefits of admiralty procedures and remedies, including a nonjury trial, when the pleadings show that both admiralty and some other basis of federal jurisdiction exist. Romero v. Bethlehem Steel Corporation, supra. However, an action for personal injury cognizable in admiralty may be brought, assuming the existence of some independent jurisdictional basis like diversity of citizenship, as a civil suit pursuant to the "saving to suitors" clause of 28 U.S.C. § 1333. In these civil suits, the plaintiff is entitled to a jury trial in accordance with the principles governing civil actions generally. Romero v. Bethlehem Steel Corporation, supra. As expressed by the Supreme Court in Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, supra, 369 U.S. at 360, 82 S.Ct. at 784:
This [admiralty] suit being in the federal courts by reason of diversity of citizenship *810 carried with it, of course, the right to trial by jury. As in cases under the Jones Act . . . trial by jury is part of the remedy. (emphasis added) (citations omitted)
Trial by jury is a remedy generally afforded in our state courts. La.Code Civ.P. arts. 1731-35. In considering whether a litigant is entitled to a jury trial on an admiralty claim in personam brought in our state courts, it seems clear to us that, if the right to trial by jury is one of the remedies saved to a suitor under 28 U.S.C. § 1333 when he brings such a claim by ordinary civil action in federal courts, then this remedy should be afforded him in our state courts. There simply is no apparent conceptual difference between an admiralty in personam claim brought under the saving to suitors clause as an ordinary civil action in federal court and one brought under the same clause as an ordinary civil action in state court. Hebert v. Diamond M. Company, 367 So.2d 1210 (La.App. 1st Cir. 1978).
In rejecting plaintiff's demand for a jury trial in the instant case, the court of appeal reasoned that jury trials of admiralty claims in state courts would conflict with substantive federal admiralty law. We do not agree.
It has long been established that a state court, having concurrent jurisdiction with the federal courts as to in personam admiralty claims, is free to adopt such remedies and attach to them such incidents as it sees fit so long as it does not attempt to modify or displace essential features of the substantive maritime law. See Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582 (1924). In Fitzgerald v. United States Lines Co., 374 U.S. 16, 20, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963), the Supreme Court noted:
While this Court has held that the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the Constitution forbids them. Nor does any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid jury trials in maritime cases. (footnotes omitted)
Affording a litigant a right to trial by jury in our state courts does not, therefore, modify or displace essential features of the substantive maritime law. Hebert v. Diamond M. Company, supra; Lister v. Texaco, Inc., 361 So.2d 290 (La.App. 1st Cir.), writ denied, 362 So.2d 794 (La.1978). As stated by Judge (now Justice) Blanche in Hebert v. Diamond M. Company, supra, "[a] jury trial is simply a method of enforcing substantive rights. As such, it is purely remedial . . . ."
In sum, we conclude that a right to a trial by jury is one of the remedies to which a suitor is otherwise entitled pursuant to 28 U.S.C. § 1333 when an in personam suit based upon the general maritime law is brought in our state courts.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and the case is remanded to the district court for further proceedings in accordance with the views expressed herein.
NOTES
[1] 346 So.2d 239 (La.App. 4th Cir. 1977).
[2] 363 So.2d 1243 (La.App. 4th Cir. 1978).
[3] 366 So.2d 572 (La.1979).