Diane RUSSELL, Plaintiff-Appellant,

v.

ATLANTIC & GULF STEVEDORES et al., Defendants-Appellees.

Diane RUSSELL, Plaintiff-Appellant,

v.

ATLANTIC & GULF STEVEDORES, INC., Underwriters at Lloyds and Steamship Mutual Underwriting Association, Defendants-Appellees.

Nos. 78–2810, 78–3000.

United States Court of Appeals, Fifth Circuit.

Aug. 29, 1980.

Ben Capelle, Atty., Dallas, Tex., Donald F. deBoisblanc, New Orleans, La., for Russell.

Deutsch, Kerrigan & Stiles, Christopher Tompkins, A. Wendel Stout, New Orleans, La., for defendants-appellees.

Before JONES, GEE and REAVLEY, Circuit Judges.

JONES, Circuit Judge:

Vincent Sonny Russell was a boarding agent employed by Hansen and Tideman, Inc. While so engaged he fell into the Mississippi River and drowned as he attempted to board a vessel owned by the defendant, Atlantic & Gulf Stevedores, Inc. His widow, the appellant, brought an action seeking a judgment under the Longshoremen's and Harbor Workers Compensation Act, 33 U.S.C.A. § 901 et seq. Negligence of the defendant was alleged. The plaintiff

filed a demand for a jury trial which, on motion of the defendant was stricken. This interlocutory appeal followed.

In support of her demand for a jury trial Mrs. Russell relies upon the 1972 amendments to the Longshoremen's and Harbor Workers Compensation Act,[1] contending that it created a new and independent cause of action for negligence against persons other than the compensation employer. From such premise it is urged that an action "arises under" Section 905(b) and that federal jurisdiction is conferred by 28 U.S.C.A. § 1331[2] and § 1337.[3]

Established principles require the rejection of Mrs. Russell's demand for a jury trial as well as her contention that Section 905(b) creates a new cause of action governed by the rules of civil procedure rather than those prevailing in admiralty. The Gay[4] case decided that the land based substantive negligence principles apply in maritime tort actions. In Parker v. South Louisiana Contractors, Inc., 5th Cir. 1976, 537 F.2d 113, cert. denied, 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 582, it was held that Section 905(b):

"Eliminates only an injured worker's right to bring actions against third parties based on unseaworthiness, and preserves his right under prior law to recover for third party negligence . . . [T]he relevant legislative history . . leaves little doubt that Congress did not intend section 905(b) to create a new or broader cause of action in admiralty . . . ." 537 F.2d at 117.

It was decided that because Section 905(b) did not create a new negligence cause of action but merely preserved an injured worker's right to recover damages from third parties in accordance with nonstatutory negligence principles, it could not serve as the basis for jurisdiction under 28 U.S.C.A. Section 1337. Just as Section 905(b) cannot provide a jurisdictional base under Section 1337, it cannot so serve under Section 1331.

Jurisdiction of the claim of Mrs. Russell is based upon general maritime law. This being so, there is no right to a trial by jury. William P. Brooks Construction Co., Inc. v. Guthrie, 5th Cir. 1980, 614 F.2d 509. The jury demand was properly stricken. The order of the district court striking the jury demand is

AFFIRMED.

1. In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void. If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel. If such person was employed by the vessel to provide ship building or repair services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing ship building or repair services to the vessel. The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter. 33 U.S.C.A. § 905(b).

2. The district courts shall have original jurisdiction of all civil actions, wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States except that no such sum or value shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity. 28 U.S.C.A. § 1331(a).

3. The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: Provided, however, That the district courts shall have original jurisdiction of an action brought under section 20(11) of part 1 of the Interstate Commerce Act (49 U.S.C. § 20(11)) or section 219 of part II of such Act (49 U.S.C. § 319), only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs. 28 U.S.C.A. § 1337(a).

4. Gay v. Ocean Transport and Trading, Ltd., 5th Cir. 1977, 546 F.2d 1233.