**Curtis T. BYNUM, Plaintiff-Appellant,**

v.

**PATTERSON TRUCK LINES, INC., Atchafalaya Industries, Inc., U. S. Steel Corporation and Ohio Barge Line, Inc., Defendants-Appellees.**

No. 80–3963
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Sept. 8, 1981.

John P. Keegan, New Orleans, La., for plaintiff-appellant.

Waitz, Downer & Best, Huntington B. Downer, Jr., Houma, La., for Patterson.

Mouton, Roy, Carmouche, Bivins & Hill, Ralph E. Kraft, Lafayette, La., for Atchafalaya.

Burke & Mayer, Joseph P. Tynan, New Orleans, La., for U. S. Steel & Ohio Barge.

Before GEE, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge:

The plaintiff Bynum appeals from the dismissal of his suit to recover from non-employer (i. e., third party) defendants for tortious injuries sustained at work on a barge. The sole issue raised by his appeal questions the district court's denial of a jury trial as sought by him.

Bynum now concedes that federal jurisdiction is based upon the maritime nature of the cause of action,[1] 28 U.S.C. § 1333(1). He does not dispute the lack of right to a jury trial in an admiralty or maritime claim, Fed.R.Civ.P. 38(e). However, Bynum contends that, because of the "savings to suitors" clause of § 1333(1), he is nevertheless entitled to a jury trial of the negligence cause of action pleaded, since two of the defendants were of citizenship diverse from his. We affirm the denial of a jury trial, finding that there is no diversity jurisdiction (permitting trial by jury) and that federal jurisdiction of his claim is exclusively based upon the maritime character of the cause of action asserted.

By original and supplemental petitions, Bynum sues four defendants to recover for personal injuries resulting from their negligence while he was working for his employer as a harbor worker aboard a barge. His cause of action is based upon third-party negligence, a recovery recognized as allowable in federal court by Section 905(b) of the Longshoremen's and Harbor Workers' Compensation Act. Nevertheless, federal jurisdiction of Section 905(b) claims is based upon general maritime law, 28 U.S.C. § 1333(1), not independently upon Section 905(b)'s statutory recognition of the right of recovery; and accordingly, assertion in federal court of a Section 905(b) claim confers no more right to a jury trial than does any other claim asserted in federal court by reason of its maritime jurisdiction. *Russell v. Atlantic and Gulf Stevedores*, 625 F.2d 71 (5th Cir. 1980) (see note 1 *supra*).

Bynum contends, however, that—because of the diversity of citizenship of two of the defendants—he is entitled also to assert jury-triable diversity jurisdiction of his negligence action against them by virtue of the "saving to suitors" clause of 28 U.S.C.

---

1. As originally pleaded, the plaintiff Bynum also asserted federal-question jurisdiction, 28 U.S.C. § 1331(a), because the claim was asserted as arising under 33 U.S.C. 905(b) of the Longshoremen's and Harbor Workers' Compensation Act. For present purposes, Bynum concedes that this basis of federal jurisdiction is foreclosed by our subsequent decision in *Russell v. Atlantic & Gulf Stevedores*, 625 F.2d

71 (5th Cir. 1980), which rejected 1331 as basis for jurisdiction of a Section 905(b) claim, on its holding that the latter section did not create a new federal cause of action for third-party negligence but merely preserved the existing right of an injured worker to recover damages from third parties in accord with nonstatutory negligence principles.

§ 1333(1).[2] As summarized by Gilmore and Black, The Law of Admiralty 37 (2d ed. 1975), the effect of this clause "is that a suitor who holds an *in personam* claim, which might be enforced by suit *in personam* in admiralty, may also bring suit, at his election, in the 'common law' court—that is, by ordinary civil action in state court, or in federal court without reference to 'admiralty', given diversity of citizenship and the requisite jurisdictional amount."

■■■ The flaw in Bynum's argument is that, since two of the defendants are citizens of the same state (Louisiana) as he, the requisites of diversity jurisdiction, 28 U.S.C. § 1332, are not met: In order to sustain diversity jurisdiction, there must be complete diversity between each defendant and each plaintiff. *Owen Equipment and Erection Company v. Kroger*, 437 U.S. 365, 373–74, 98 S.Ct. 2396, 2402–03, 57 L.Ed.2d 274 (1978); 13 Wright, Miller & Cooper, Federal Practice and Procedure, § 3605 (1975).[3] By virtue of this requirement, diversity jurisdiction as a basis for jury trial is ineffectual as asserted against the two diverse defendants, since two non-diverse defendants are also joined upon a cause (or causes) of action arising under the general maritime law, even though jurisdiction of non-diverse defendants is asserted only on a (non-jury) maritime basis. *Powell v. Offshore Navigation, Inc.*, 644 F.2d 1063 (5th Cir. 1981).

Accordingly, we find no error in the order of the district court denying a jury trial, and we AFFIRM the dismissal of the plaintiff's suit.

AFFIRMED.

---

**2.** 28 U.S.C. § 1333(1) provides (italics supplied):

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
> (1) Any civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled.*

**3.** The cited section of Wright, Miller & Cooper, notes that the "pendent parties" doctrine does not permit a litigant to evade the complete-diversity requirement, *id.*, at 620, see *Owen Equipment* cited *supra* in text, and that the only recognized exception to the requirement is in the case of statutory interpleader. *Id.* at 620–24.