CIACCIO, Judge.
This is an appeal from the trial court’s granting of defendant’s motion for partial summary judgment. We affirm.
Plaintiff, Joseph Birden, Jr. was injured on July 29, 1987 while cleaning a barge owned by defendant, Dravo Mechling Corporation. Dravo admitted that this particular barge was also manufactured by its parent corporation, Dravo Corporation. At the time of the accident, plaintiff was employed by Point Houmas Barge Cleaning and Repair Service, Inc., which had contracted with Dravo for the cleaning of its barges. On that particular day, plaintiff had been assigned to clean Dravo’s barge No. DM-3020, which was located on the Mississippi River.
The accident occurred when Birden attempted to open the forward hatch cover of barge No. DM-3020 in the process of cleaning the barge. Birden’s foot became jammed against the dagger pin box and the track of the hatch cover causing severe injuries to his right ankle. As a result, Birden fell to the bow of the barge, injuring his back. Following this accident, plaintiff was unable to work and collected compensation benefits from his employer under the Longshore and Harbor Workers’ Compensation Act (LHWCA), 33 U.S.C.A. Section 901 et seq.
Plaintiff subsequently brought this tort action in state court against Dravo, the owner and manufacturer of the barge on which plaintiff’s injury occurred, alleging that Dravo’s negligence in failing to inspect and maintain its barge caused his injuries. Plaintiff also alleges that the barge and the hatch cover were improperly designed, and caused a defective condition for which Dra-vo as manufacturer is strictly liable. Plaintiff further requested a trial by jury.
Dravo brought a motion for partial summary judgment, arguing that plaintiff’s claims were governed exclusively by 33 U.S.C.A. Section 905(b), the LHWCA, and further that plaintiff was not entitled to a jury trial.
The trial court granted Dravo’s motion for summary judgment, striking plaintiff’s request for trial by jury and holding that 33 U.S.C.A. Section 905(b) is the law applicable to plaintiff's suit.
On appeal, plaintiff argues that the trial court abused its discretion in limiting his cause of action to one stated by Section 905(b) of the Longshore Act. Plaintiff argues that his state law claims of negligence *607 and strict liability should be allowed because they “do not disturb the uniformity of maritime law,” citing Kossick v. United Fruit, 365 U.S. 731, 81 S.Ct. 886, 892, 6 L.Ed.2d 56 (1961). Plaintiff reasons that uniformity is undisturbed because there is no vast difference between Louisiana law which provides negligence and strict liability, and the general maritime law which allows both remedies of negligence and unseaworthiness, which plaintiff alleges is a form of strict liability.
However, under the provisions of the LHWCA, which plaintiff admits to be applicable in this ease as he has received benefits therefrom, the remedy provided by that Act is exclusive of all other remedies. 33 U.S.C.A. Section 905(b) provides in part:
In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person ... may bring an action against such vessel as a third party ... and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void.... If such person was employed by the vessel to provide ship building or repair services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing ship building or repair services to the vessel The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter.
The specific provisions of this statute clearly defeat plaintiffs claim that Section 905(b) is not his only remedy. Further, by the 1972 amendments to the Long-shore Act, Congress eliminated the employee’s unseaworthiness action in an exchange for an increase in compensation benefits payable. Therefore, plaintiff’s recovery is restricted to a cause of action in negligence only. See, Hess v. Upper Mississippi Towing Co., 559 F.2d 1030 (5th Cir.1977).
Plaintiff further argues that the trial court erred in striking his request for a trial by jury. Plaintiff relies on La.C. C.P. article 1732(6) which provides that a trial by jury shall not be available in “a suit on an admiralty or general maritime claim under federal law that is brought in state court under a federal ‘saving to suitors’ clause, if the plaintiff has designated that suit as an admiralty or general maritime claim.”
He argues that since he did not specifically designate his claim as one of admiralty or general maritime law in his original petition, a trial by jury is not precluded. We disagree.
The law is well-settled that there is no right to a jury trial for a claim based on general maritime law. Plaintiff was injured on the navigable waters of the United States while engaged in maritime employment and as stated previously, plaintiff’s exclusive remedies are provided by 33 U.S. C.A. Section 905(b). Because plaintiff’s claims, although founded on the LHWCA, are based solely on maritime law, they constitute a claim in admiralty, and absent diversity, there is no right to a jury trial. See, Russell v. Atlantic & Gulf Stevedores, 625 F.2d 71 (5th Cir.1980). Although plaintiff may not have specifically designated his state court claim as one in admiralty, the facts pleaded in his petition clearly indicate that his claim is based solely on maritime law. Plaintiff may not obtain a jury trial in state court in a purely admiralty claim merely by not designating it as such.
Further, although plaintiff claims that he would have been entitled to a jury trial in federal court based on diversity, such is not the case. A review of plaintiff’s petition indicates that plaintiff and all defendants are domiciled in the State of Louisiana, and therefore no diversity exists. Consequently,' plaintiff is not entitled to a jury trial in state court on this basis.
Accordingly, for the reasons assigned, the judgment of the trial court striking plaintiff’s request for a jury trial and holding that 33 U.S.C.A. Section 905(b) provides plaintiff’s exclusive remedy is hereby af *608 firmed. All costs of this appeal are to be borne by plaintiff-appellant.
AFFIRMED.