ARMSTRONG, Judge.
Plaintiff, Joseph Birden Jr., appeals the trial court’s granting of defendant’s, Dravo Mechling Corporation’s (Dravo), motion for partial summary judgment. We affirm.
Plaintiff was injured on July 29, 1987 while cleaning a barge owned by Dravo. Plaintiff’s employer, Point Houmas Barge Cleaning and Repair Service, Inc., had contracted with Dravo for the cleaning of its barges. Following his accident and injury plaintiff was unable to work and collected compensation benefits from his employer pursuant to the Longshore and Harbor Workers’ Compensation Act (LHWCA), 33 U.S.C.A. Section 901 et seq.
Plaintiff subsequently instituted this tort action in state court against Dravo, the owner and manufacturer of the barge which plaintiff was cleaning at the time of his accident and injury. Plaintiff pursued his claim under theories of negligence and strict liability — his latter theory was grounded on an alleged design defect.
Dravo filed a motion for partial summary judgment, arguing that any claim by plaintiff was governed exclusively by a provision of the LHWCA, 33 U.S.C.A. Section 905(b) (Supp.1977).[1] The trial court granted Dravo’s motion for partial summary judgment, holding that 33 U.S.C.A. Section 905(b) (Supp.1977) provided an exclusive remedy to plaintiff against Dravo, that being an action for negligence. Plaintiff appealed that judgment to this court.
Subsequently, plaintiff filed a supplemental and amending petition setting out alternative causes of action in strict liability under the general maritime law and the Restatement of Torts (Second), Section 402(a). Dravo filed a second motion for partial summary judgment, again citing the exclusivity of 33 U.S.C.A. Section 905(b). The trial court again granted Dravo’s motion for partial summary judgment, dismissing plaintiff’s claims under any and/or all theories of liability other than the negligence theory allowed under 33 U.S.C.A. Section 905(b). Plaintiff appealed that second judgment to this court and it is the subject of the instant appeal.
Subsequent to plaintiff’s taking his second appeal this court disposed of his first appeal. We affirmed on the grounds relied upon by the trial court — under 33 U.S.C.A. Section 905(b) (Supp.1977) plaintiff’s sole cause of action against Dravo was one in negligence. Birden v. Dravo Mechling Corp., 560 So.2d 605 (La.App. 4th Cir.1990). In that decision we stated:
*526 “The specific provisions of [33 U.S.C.A. Section 905(b)] clearly defeat plaintiffs claim that Section 905(b) is not his only remedy. Further, by the 1972 amendments to the Longshore Act, Congress eliminated the employee’s unseaworthiness action in an exchange for an increase in compensation benefits payable. Therefore, plaintiff's recovery is restricted to a cause of action in negligence only. See, Hess v. Upper Mississippi Touring Co., 559 F.2d 1030 (5th Cir.1977).”
In the instant case plaintiff frames the issue as whether a barge cleaner has the right to proceed against the manufacturer of the barge, who is also the same party as the owner of the barge, on a theory of liability other than that allowed by 33 U.S. C.A. Section 905(b) (Supp.1977). For the reasons stated in our earlier opinion, addressing this identical issue, plaintiff is limited by 33 U.S.C.A. Section 905(b) (Supp. 1977) to proceeding against Dravo under a theory of negligence only.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.

. 33 U.S.C.A. Section 905(b) (Supp.1977) provides in part:
"In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person ... may bring an action against such vessel as a third-party ... and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void.... If such person was employed by the vessel to provide ship building or repair services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing ship building or repair services to the vessel. The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies available under this chapter.”