Patrick **BERGERON**

v.

**QUALITY SHIPYARDS, INC., et al.**

**Civ. A. No. 91–1519.**

United States District Court, E.D. Louisiana.

June 4, 1991.

Barry J. Bourdreaux, Henderson, Hanemann & Morris, Houma, La., for plaintiff.

William J. Larzelere, Jr., Leininger, Larzelere & Picou, Metairie, La., for defendants.

## ORDER AND REASONS

MENTZ, District Judge.

This matter came before the Court on plaintiff's motion to remand. After reviewing the motion, memoranda of counsel, the record and the law, the Court grants the motion for the reasons set forth below.

Bergeron originally filed suit in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana. The suit named as defendants Quality Shipyards, Inc., Zapata Haynie Corporation, Zapata Corporation, and Zapata Off–Shore Company. The suit was brought as a result of an alleged incident which occurred aboard the M/V GULF FLEET 102 on March 16, 1990. Plaintiff later amended his petition and added Gulf Fleet Supply Vessels, Inc. All defendants were sued for negligence in their capacities as the owners and/or operators of the M/V GULF FLEET 102. Invoking article 1732(6)[1] of the Louisiana Code of Civil Procedure, plaintiff designated his suit as an admiralty or general maritime law claim.

Quality Shipyards, with the concurrence of all other defendants, removed this matter to federal court. Quality Shipyards asserts that by denoting his claim as an admiralty or general maritime law claim under art. 1732(6) plaintiff has effectively opted out of his "saving to suitors"[2] designation, thereby making this case one arising under the exclusive admiralty jurisdiction of the federal courts.

Plaintiff argues that his right to pursue common law remedies in state court vis-a-vis the Saving to Suitors Clause is not the equivalent of a Rule 9(h)[3] designation in federal court. He asserts that a designation under art. 1732(6) is asserted merely for the purpose of obtaining a trial without a jury. It is not, he argues, asserted for the purpose of obtaining a remedy in admiralty which the common law is not competent to give.

### Analysis

■ The issue before the Court is whether the designation of a state court maritime claim under art. 1732(6) converts that claim into one arising under the exclusive admiralty jurisdiction of the federal courts. We find by this ruling that such a designation does not convert a state law *in personam*

---

1. *See* La.Civ.Code Proc.Ann. art. 1732(6):
   A trial by jury shall not be available in:
   (6) A suit on an admiralty or general maritime claim under federal law that is brought in state court under a federal "saving to suitors" clause, if the plaintiff has designated that suit as an admiralty or general maritime claim.

2. *See* 28 U.S.C. § 1333(1):
   The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
   (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

3. Fed.R.Civ.P. 9(h).

admiralty claim into one exclusively cognizable in the federal courts.

In two recently published decisions, albeit in factual contexts different from the present case, this Court analyzed the relative importance of the Saving to Suitors Clause. *See Fogleman v. Tidewater Barges, Inc.,* 747 F.Supp. 348 (E.D.La. 1990); *Belle Pass Towing Corp. v. Cheramie,* 763 F.Supp. 1348, 1991 WL 75098 (E.D.La.1991). Although factually different, these cases are legally analogous to the present case.

■■■ As we discussed in these cases, the Saving to Suitors Clause is intended to preserve common law remedies, not to guarantee the plaintiff a particular forum. *Id.* at ——; *Fogleman,* 747 F.Supp. at 355 (citing *Poirrier v. Nicklos Drilling Co.,* 648 F.2d 1063, 1066 (5th Cir. Unit A June 1981)). A common law remedy, of course, is simply any *in personam* remedy. *See Garrett v. Moore–McCormack Co.,* 317 U.S. 239, 245, 63 S.Ct. 246, 250, 87 L.Ed. 239 (1942); Schoenbaum, *Admiralty and Maritime Law,* § 3–13 at p. 116 (West 1987 & Supp.1989).[4] Therefore, as this Court has previously noted, a Saving to Suitors case removed on some basis other than the maritime nature of the claim (*e.g.,* diversity) is permissible since removal would not change the character of the claim. *Fogleman,* 747 F.Supp. at 355 (citation omitted). Conversely, removal of a Savings case on the basis that the plaintiff has actually pled a federal question is impermissible since the character of the claim would be changed. *Id.*

■■ In the present case, we believe allowing the removal to stand is wrong for two reasons. First, the plaintiff did not assert an *in rem* cause of action in his state court petition. Instead, Bergeron alleged only *in personam* claims against the various defendants. Therefore, the common law is competent to give the plaintiff a remedy in this matter. There is no contention that the parties are diverse, so there is no other possible basis of jurisdiction in the federal court.[5] Second, we are at a loss, from either a logical or legal perspective, as to how the invocation of a state procedural rule which limits the availability of a jury trial in a state court proceeding, confers upon this Court exclusive federal admiralty jurisdiction. It is well established that state courts have concurrent jurisdiction to try *in personam* admiralty actions. *Garrett,* 317 U.S. at 245, 63 S.Ct. at 250. Additionally, in *Garrett,* the Supreme Court stated:

> The source of the governing law to be applied is in the national, not the state, governments. If by its practice the state court were permitted substantially to alter the rights of either litigant, as those rights were established in federal law, the remedy afforded by the state would not enforce, but would actually deny, federal rights which Congress, by providing alternative remedies, intended to make not less, but more secure.

*Id.* We find the language in *Garrett* instructive in the present case. The source of the governing law to be applied, admiralty law, is in the federal government. By statute, the federal government has created a substantive right in the Savings to Suitors Clause. If that right, the right to pursue common law remedies in an *in personam* admiralty action, were permitted to be altered by a state procedural statute, the state would effectively be denying a federally guaranteed remedy.[6] Additionally, from a logical viewpoint, we fail to see how Congress could have intended to provide Suitors with an alternative remedy, which they may or may not choose to exercise in state court, only to have the state by procedural rule be able to eliminate that

---

4. There is exclusive admiralty jurisdiction over proceedings *in rem* because the *in rem* action was not known to the common law. Schoenbaum, *supra* at p. 116 (citations omitted).

5. In other words, to permit removal in this type of case *does* change the character of the claim because it would eliminate the common law

remedy in those states with statutes similar to art. 1732(6). *See Fogleman,* 747 F.Supp. at 355.

6. *See also* U.S. Const. art. VI, cl. 2. In this instance we believe that under the Supremacy Clause the right granted to suitors in 28 U.S.C. § 1333(1) is not alterable by state law.

remedy and send the suitor to federal court.[7]

Accordingly,

IT IS ORDERED that plaintiff's motion to remand is GRANTED, and this matter is hereby REMANDED to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

IT IS FURTHER ORDERED that the hearing set in this matter for June 5, 1991 is CANCELED.

---

7. Logically, we believe that art. 1732(6) is instead intended only to make the availability of a jury trial in a case of concurrent *in personam* admiralty jurisdiction conform to the federal rule, which prohibits jury trials in such cases.