JOSEPH E. COREIL, Judge Pro Tem.
Plaintiffs-relators, Barbara Myers Roy and Rockie Ray Roy,[1] seek supervisory relief from an order of the trial court which granted a motion to strike relators’ jury demand filed by defendants-respondents, Dixie Carriers, Inc. and Joseph Arnaud. We granted plaintiffs-relators’ application in order to review the issue of whether or not relators are entitled to a jury trial, pursuant to La.C.C.P. art. 1732(6).
FACTS
Relators seek to recover damages allegedly sustained from a boating accident which occurred while Rockie and Barbara Roy were fishing on the Intracoastal Waterway on February 20, 1988. Relators’ petition alleges that Barbara Roy was thrown from the boat in which she was fishing onto the bank of the Waterway by a wave wash caused by the M/V DIXIE PATRIOT. The M/V DIXIE PATRIOT was owned by respondent, Dixie Carriers, Inc., and being operated by respondent, Joseph Arnaud. In their petition, relators requested a trial by jury and did not designate the action as an admiralty or maritime case pursuant to the provisions of La. C.C.P. art. 1732(6).
The action, originally filed in state court, was removed to federal court by the respondents. However, when Joseph Ar-naud, a Louisiana domiciliary, was named in the action, diversity was destroyed, and the case was returned to state court. Respondents moved to have relators’ request for a jury trial struck which, after hearing, was granted by the trial court. Relators filed this writ application, contending that the trial court erred in granting respondents’ motion to strike the jury. We granted relators’ writ application and agree with their contentions, reversing the trial court’s grant of respondents’ motion to strike the relators’ jury demand.
DISCUSSION
Respondents argue that relators are barred from obtaining a jury trial due to La.C.C.P. art. 1732(6), which states as follows:
“A trial by jury shall not be available in: * * * * * *
(6) A suit on an admiralty or general maritime claim under federal law that is brought in state court under a federal ‘saving to suitors’ clause, if the plaintiff has designated that suit as an admiralty or general maritime claim.”[2]
Respondents contend that the legislature’s intent, in using the word “designated,” was not to require an express, written designation, but rather, to include both an express designation and a designation which could be implied from the petition.
This rationale is based upon a comparison of La.C.C.P. art. 1732(6) with a similar federal rule, F.R.C.P. 9(h), which states as follows:
“A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15. The reference in Title 28, U.S.C. § 1292(a)(3), to admiralty cases shall be construed to mean admiralty and maritime claims within the meaning of this subdivision (h).”
In comparing the two statutes, we note that the Louisiana Legislature did not include the statement, “If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes *817 whether so identified or not.” The omission of this sentence in the Louisiana rule results in a very important distinction from the federal rule. A brief historical review may be helpful in understanding this distinction between F.R.C.P. 9(h) and La. C.C.P. art. 1732(6).
Admiralty and maritime jurisdiction is conferred upon the federal courts by U.S. CONST, art. Ill, § 2. The Judiciary Act of 1789 provides that the federal district courts have exclusive original jurisdiction over admiralty and maritime cases “saving to suitors, in all cases, the right of a common law remedy where the common law is competent to give it_” 28 U.S.C. § 1333.
No jury trials are allowed when in personam maritime cases are brought in federal court under the art. Ill, § 2 admiralty jurisdiction grant. However, a plaintiff desiring to “save” his “common law remedy,” i.e., the right to a jury trial, may choose to do so by filing either in state court or in federal court. However, insofar as the federal court is a court of limited jurisdiction, a plaintiff desiring to pursue his common law remedy in federal court must first have an alternative basis of jurisdiction, such as diversity of citizenship, prior to filing. See Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). With the “common law” remedy available by virtue of the “saving to suitors” clause comes the right to trial by jury.
No such requirement of an alternative basis for jurisdiction exists in state court. Rather, a plaintiff need only file the case in state court, and he is clearly pursuing his “common law” remedy, entitling him to a jury trial.
Thus, in federal court, there are two “sides”: (1) the “admiralty” side where a plaintiff may pursue his maritime remedy under the U.S. CONST., art. Ill, § 2, without an alternative basis of jurisdiction, by designating his claim as “maritime” under F.R.C.P. Rule 9(h) and, (2) the “law” side where he may pursue his “common law” remedy.
As such, the diversity of citizenship requirement necessary to pursue the “common law” remedy in federal court is unique to federal court and has no relevance or bearing in state court. In state court, a plaintiff is pursuing his “common law” remedy merely by filing.
See Lavergne v. Western Co. of North America, Inc., 371 So.2d 807 (La.1979); Savoie v. McCall’s Boat Rentals, Inc., 491 So.2d 94 (La.App. 3 Cir.1986), writs denied, 494 So.2d 334, [ & ] 542 (La.1986); Hebert v. Diamond M. Co., 367 So.2d 1210 (La.App. 1 Cir.1978); Bergeron v. Quality Shipyards, Inc., 765 F.Supp. 321 (E.D.La.1991).
A plaintiff bringing an action in the United States District Court, under the exclusive admiralty jurisdiction, does not have a right to a jury trial. If brought under an alternative basis for jurisdiction, the plaintiff retains his common law right to a jury trial. Likewise, a litigant bringing a maritime tort action in state court is entitled to a jury trial unless the plaintiff chooses to invoke La.C.C.P. art. 1732(6). This article gives a plaintiff the procedural right, in a “saving to suitors” case brought in state court, to designate his case as a non-jury case just as F.R.C.P. 9(h) allows a plaintiff in federal court, when there is both admiralty and maritime and diversity of citizenship jurisdictional grounds present in the lawsuit, to retain a non-jury trial.
Under federal law, the right to a jury trial depends upon whether a plaintiff has stated the claim both within the admiralty jurisdiction of the district court and within the jurisdiction of the district court on some other ground. If the suit is strictly an admiralty or maritime suit, there is no right to a jury trial.
In actions filed in state court, a plaintiff retains his right to a jury trial unless he chooses to designate his suit as an admiralty or general maritime claim. Any other interpretation of La.C.C.P. art. 1732(6) would give the words, “if the plaintiff has designated that suit as an admiralty or general maritime claim” no meaning.
*818 In this case, relators have not designated their claim as one within the admiralty or general maritime jurisdiction under the “saving to suitors” clause and as such, have not elected to waive their right to jury trial.
Even assuming arguendo that respondents are correct in asserting that a jury trial is unavailable in a Louisiana state court where the cause of action asserted is limited to general maritime claims, we still do not find that respondents have carried their burden of proving that this case fits within an exception to the right to a trial by jury pursuant to La.C.C.P. art. 1732. See Cambridge Corner Corp. v. Menard, 525 So2d 527, 530 (La.1988).
Respondents have not shown that relators are limited to admiralty or general maritime claims. Relators’ pleadings allege general negligence and claim damages for personal injury, property damage, punitive damages and loss of consortium. Re-lators’ prayer for relief combines both federal and state remedies.
In Green v. Industrial Helicopters, Inc., 593 So.2d 634 (La.1992), the Louisiana Supreme Court, in applying Louisiana’s law of strict liability to a maritime action, stated, at page 637:
“It is well settled that by virtue of the savings clause ‘a state, “having concurrent jurisdiction, is free to adopt such remedies, and to attach to them such incidents as it sees fit” so long as it does not attempt to make changes in the substantive maritime law.’ (citations omitted) [Offshore Logistics v.] Tallentire, 477 U.S. [207] at 221, 106 S.Ct. [2485] at 2494 [91 L.Ed.2d 174 (1986)]. As a general proposition, ‘[a] maritime claim brought in the common law state courts ... is governed by the same principles as govern actions brought in admiralty, i.e., by federal maritime law.’ Powell v. Offshore Navigation, Inc., 644 F.2d 1063, 1065 n. 5 (5th Cir.1981), See also T. Schoenbaum, Admiralty and Maritime Law § 4-1 at 123 (1987) [hereinafter, Schoenbaum]. Since the general maritime law is not a ‘complete or all inclusive system,’ a federal court may adopt state statutory law and common law principles as the federal admiralty rule. Schoenbaum, supra, § 4-1 at 123. State law and regulations may also supplement federal maritime law when ‘there is no conflict between the two systems of law, and the need for uniformity of decision does not bar state action’. Id. at 123.
“The U.S. Supreme Court has explicitly recognized the difficulty in defining the interplay of state law and federal maritime law, and has stated: ‘if one thing is clear it is that the source of law in saving-clause actions cannot be described in absolute terms.’ Romero v. International Terminal Operating Co., 358 U.S. 354 at 373, 79 S.Ct. 468 at 480 [3 L.Ed.2d 368 (1959)].”
The Louisiana Supreme Court, in Green, supra, found that the general maritime law authorized application of state law as a supplement to general maritime law unless there is some federal impediment to application of that law contained in federal legislation or a clearly applicable rule in the general maritime law. As such, we find that respondents have not proven that rela-tors are limited to admiralty or general maritime claims, and relators may be entitled to recover under Louisiana tort law.
Based upon the foregoing, we find that relators are not precluded from a jury trial insofar as they have not designated the cause of action as admiralty or general maritime, a choice given only a plaintiff under La.C.C.P. art. 1732(6). Therefore, insofar as there is no designation of the claims asserted as being in admiralty or general maritime in the petition, we find that the trial court erred in striking the demand for a jury trial.
IT IS ORDERED that the trial court’s judgment striking the jury demand be and the same is hereby reversed, and the matter remanded to the district court for trial by jury. Costs of this proceeding are assessed against defendants-respondents, Dixie Carriers, Inc. and Joseph Arnaud.
WRIT GRANTED AND MADE PEREMPTORY; REMANDED TO THE DISTRICT COURT FOR TRIAL BY JURY.

. Rockie Ray Roy is appearing in his individual capacity and as natural tutor for Brandi Leah Trahan, Michael Jules Trahan, and Rockie Ray Roy, II.

. Under the "saving to suitors” clause of 28 U.S.C. § 1333, relators are entitled to bring their action for damages stemming from the commission of a maritime tort in state court.