LOBRANO, Judge.
We granted certiorari to review the trial court’s denial of ODECO’s (relator) motion to strike the jury trial requested by plaintiff. We reverse.
Plaintiff, an employee of Atlas Wireline Company, filed the instant suit against ODECO, the owner of the vessel on which plaintiff was injured. The suit asserts a cause of action for vessel negligence under the provisions of Section 905(b) of the Longshoremen and Harbor Workers Compensation Act (LHWCA), as well as alternative claims under Louisiana law. The 1972 amendments to the LHWCA added the Section 905(b) cause of action for vessel negligence and legislatively overruled the claims formerly recognized under Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 rehearing den., 328 U.S. 878, 66 S.Ct. 1116, 90 L.Ed. 1646 (1946).[1] Under the scenario as pled by plaintiff, Section 905(b) is his exclusive remedy against the vessel owner.[2] Plaintiff prayed for a jury trial.
ODECO argues that Code of Civil Procedure Article 1732(6) precludes a jury trial. Plaintiff asserts that he did not designate his suit “as an admiralty or general maritime claim” therefore he is entitled to a jury.
Code of Procedure Article 1732(6) provides:
“A trial by jury shall not be available in:
* afc Jfc sfc * *
(6) A suit on an admiralty or general maritime claim under federal law that is brought in state court under a federal ‘savings to suitors’ clause, if the plaintiff has designated that suit as an admiralty or general maritime claim.” (emphasis added)
Subsection 6 gives to a plaintiff the option to reject a jury and try his case before a judge. However, the article presupposes that plaintiff has the right to a jury trial in the first instance. In Parker v. Rowan Companies, Inc., 599 So.2d 296 (La.1992) our Supreme Court recognized that the intent of Article 1732(6) was to track Federal Rules of Civil Procedure Article 9(h) which gives a plaintiff the choice of rejecting a jury trial. However, Rule 9(h) also presupposes that a plaintiff has a right to a jury trial in the first instance. For example, a plaintiff who sues under the Jones Act and general maritime law has a right to a jury trial because of the statutory provisions of the Jones Act. In that instance he can designate his claim as an admiralty claim pursuant to Code of Civil Procedure Article *1175 1732(6) and request a judge trial. Article 1732(6) does not give that option to the defendant.
Plaintiff argues that because he did not designate his claim as an admiralty claim he has a right to trial by jury. We disagree. In Birden v. Dravo Heckling Corp., 560 So.2d 605 (La.App. 4th Cir.1990) this court rejected an identical argument. The plaintiff in Birden filed a 905(b) action and requested a jury trial. He argued that because he did not designate his claim as an admiralty or general maritime claim he was entitled to trial by jury. ' We held that “[although plaintiff may not have specifically designated his state court claim as one in admiralty, the facts pleaded in his petition clearly indicated that his claim is based solely on maritime law” at p. 607.
In the instant case, plaintiffs exclusive claim against ODECO is pursuant to Section 905(b) of the LHWCA.[3] This is a purely maritime or admiralty claim which is not triable by jury. Absent any other basis which would have entitled plaintiff to a jury trial, he cannot use the provisions of Article 1732(6) to obtain one. That article does not confer the right to a jury trial where none existed in the first instance. Failure to state the magic words “admiralty or maritime claim” does not confer the right to a jury trial where none previously existed.
Plaintiff argues that Roy v. Dixie Carriers, Inc., 600 So.2d 814 (La.App. 3rd Cir.1992), writ denied (1992) is controlling. For two reasons, we disagree. First, the plaintiffs’ claims in Roy were not restricted to pure Federal maritime remedies, but included a prayer for state law remedies also. Those states law remedies entitled plaintiffs to a jury trial in the first instance, irrespective of Article 1732(6). In the instant case, plaintiffs exclusive remedy is Section 905(b) of the LHWCA. He has no state law remedy. Thus there is no right to a jury trial in the first instance. Second, we believe the Roy court misconstrued the intent of Article 1732(6). In comparing Federal Rule 9(h) with Article 1732(6) the Court failed to recognize that if a claim is only recognized under the court’s admiralty or maritime jurisdiction and has no other jurisdictional basis, then a jury trial is not available in the first instance. Such a claim would automatically be heard under the admiralty jurisdiction of the federal district court with no jury. That same claim could not be converted to a “common law” remedy, with trial by jury, by merely filing in state court. As we previously noted, we do not believe it was the legislature’s intent in passing Article 1732(6) to create a right to a jury where none previously existed.
For the foregoing reasons we hold that plaintiff’s remedy is pursuant to Section 905(b) of the LHWCA. As such, it is cognizable in admiralty or the general maritime law and, absent another basis, precludes a trial by jury. Since plaintiff did not have that right in the first instance, Code of Procedure Article 1732(6) does not confer it. Accordingly the trial court judgment is reversed and ODECO’s motion to strike the jury is granted.
REVERSED AND RENDERED.

. The so called Sieracki seaman had a claim against the vessel owner for unseaworthiness and negligence. Section 905(b) limits that cause to vessel negligence.

. Of course, this is in addition to his compensation claims against his employer. We discuss the "other claim under Louisiana law” at footnote 3, infra.

. Despite plaintiff’s alternative allegations of state law claims, his exclusive remedy against the vessel owner is section 905(b). See, Green v. Industrial Helicopters, Inc., 593 So.2d 634 (La. 1992).