CHEHARDY, Chief Judge.
Plaintiff, Raymond J. Schultz, appeals a jury verdict finding defendant, Charles Dawkins, at fault in a motorboat collision, but also finding the defendant’s fault was not a proximate cause of the accident. Because the case involves the collision of vessels on navigable waters, the federal substantive admiralty or maritime law is applicable to the claim. Lavergne v. The Western Company of North America, Inc., 371 So.2d 807 (La.1979). See also Foremost Ins. Co. v. Richardson, 457 U.S. 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982).
On appeal, plaintiff asserts the jury erred in finding defendant’s fault was not a proximate cause of the accident. In this respect, plaintiff contends the jury’s responses to the interrogatories was logically inconsistent and an improper application of the law to the jury's factual finding of fault.
*856 The uncontested facts show that plaintiff, defendant and three others agreed to meet for a recreational fishing trip to Bu-ras, Louisiana, on November 12, 1983. Three of the participants towed their boats and, after meeting in a parking lot, the participants drove to a launch area at the Buras Canal. Along the way, the men stopped twice in order to purchase coffee and bait.
When the men arrived at the launching area, other boats were ahead of them in line, and they waited approximately 15 minutes to launch the three boats. Once launched, the battery in one of the boats died. The boat was driven and owned by a man named Randy. After the battery was charged, the expedition got under way with Randy’s boat in the lead, the plaintiff’s 14-foot flatboat in the middle and defendant’s 17-foot boat in the rear. Both the lead boat and defendant’s boat were operated from the front and were equipped with running lights. Plaintiff’s boat was driven from the rear outboard motor and it was not equipped with running lights.
The boats had been traveling for approximately 10 minutes when the boat in front slowed or stopped. Plaintiff slowed in response and defendant’s boat collided with the rear or stern of plaintiff’s boat. In the collision the bow of defendant’s boat ran onto the stern of the flatboat, hitting plaintiff and knocking him to the floor, and causing the motor on plaintiff’s boat to fall into the water. After it was ascertained that plaintiff was bleeding, he was taken back to the launch. Plaintiff’s brother-in-law, who was a passenger in plaintiff’s boat, took plaintiff to Oschner Hospital Emergency Room. The other members of the fishing party resumed their fishing expedition.
Subsequent to the accident, the plaintiff filed suit against defendant and his insurer, State Farm Insurance Company, for injuries to his head and neck. After a five-day jury trial, judgment was rendered in defendant’s favor.
In the trial of the matter, the primary issuer was whether the accident occurred before or after sunrise. Defendant testified it was too dark to see plaintiff's boat. Because of that fact, he followed plaintiff by traveling in the wake produced by plaintiff’s boat. Defendant stated he stayed approximately 80 feet behind plaintiff and testified he was not aware plaintiff slowed down until he was approximately 40 feet from the flatboat. At that point, defendant tried to avoid colliding with plaintiff, but was unable to do so because of the short distance.
Plaintiff and his two witnesses, on the other hand, testified that the visibility was such as to allow them to see each of the boats, as well as the banks on the side of the canal. There was, however, conflicting testimony between the plaintiff and his witnesses as to whether the running lights on the lead boat were lit. Plaintiff and his two witnesses further stated the leading boat slowed down several times prior to the collision.
In his assignments of error, plaintiff contends the jury erred in finding the defendant was at fault without finding that fault was a proximate cause of the accident. He asserts that, even assuming the jury adopted defendant's testimony of the lighting conditions, no scenario exists which would purge defendant from liability. He argues that, whether it was dark or light, the defendant’s conduct was inexcusable since defendant admitted he was unable to see plaintiff's flatboat and could only follow by traveling in the plaintiff’s wake. Plaintiff asserts the defendant could have avoided the collision by traveling along the side of plaintiff’s wake.
In response, defendant contends the plaintiff was solely at fault by embarking on the trip to the fishing area in the dark without lights as required by the navigational “rules of the road”. 33 U.S.C.A. Sections 2020-2023. That violation, defendant argues, was the proximate cause of the accident.
In admiralty cases involving collision of vessels, when a vessel at the time of the collision is in actual violation of a statutory rule intended to prevent collisions, the statutory offender must show the violation could not have been the cause of the collision in order to extricate himself from fault. The Steamship Pennsylvania v. Troop, 86 U.S. (19 Wall) 125, 22 L.Ed. *857 148 (1874). However, this rule does not preclude a finding that the other vessel was at fault as well, since the doctrine of comparative negligence applies to maritime collisions. Allied Chemical Corp. v. Hess Tankship Co. of Del., 661 F.2d 1044 (5th Cir.1981); Gele v. Chevron Oil Co., 574 F.2d 243 (5th Cir.1978). The rule established in The Steamship Pennsylvania, known as the Pennsylvania Rule, simply shifts the burden of proof as to causation to the statutory violator, but does not by itself impose liability. United Overseas Exp. Lines v. Medluck Compania Maviera, 785 F.2d 1320 (5th Cir.1986).
In determining the proximate cause of an accident, the conduct must be something more than “but for” causation and the negligence of a party must be a “substantial factor” in the injury. Thomas v. Express Boat Co., Inc., 759 F.2d 444 (5th Cir.1985). The term includes omissions as well as acts. Todd Shipyards Corp. v. Turbine Service, Inc., 467 F.Supp. 1257 (E.D.La.1978). An act, when viewed in light of all the evidence, will constitute a cause in fact when it is concluded the act was a necessary antecedent to the harm, without which the accident would not have occurred. Marcum v. U.S., 621 F.2d 142 (5th Cir.1980).
In the case herein, the testimony shows the plaintiff was traveling without lights between the hours of sunset and sunrise in violation of 33 U.S.C.A. Section 2020. The documentary evidence produced by defendant to support the finding included the emergency room admission form reporting plaintiff’s admission as 7:53 a.m., the testimony as to the traveling time between the Buras Canal and Oschner Hospital in Metairie, Louisiana, and the Naval Observatory report which showed the time of sunrise on the date in question as 6:15 a.m., and which reported a quarter moon on that date. Thus, the evidence supports a conclusion that the plaintiff, by his failure to exhibit lights on the boat while traveling in the dark, was. in violation of a statutory rule designed to prevent collisions. Since plaintiff also failed to show that his conduct could not have caused the accident, his omission must be construed as a cause of the collision.
In regard to defendant’s conduct, the jury concluded defendant was at fault, but in what respect we cannot know. We can only assume his agreement to follow the plaintiff despite the poor visibility constituted fault in the minds of the jury. Although plaintiff argues the jury’s conclusion — that defendant’s fault was not a proximate cause of the accident — was inconsistent, we do not agree. The jury obviously concluded the sole proximate cause of the accident was plaintiff’s negligence in operating his boat without lights, an omission without which the accident would not have occurred. The jury could have also determined the plaintiff assumed the risk of the injury he sustained. Thus, whether we apply the federal standards of appellate review of jury verdicts, as urged by defendant, or we apply Louisiana standard of appellate review, we find an affirmance in order since there is substantial evidence to support the verdict, Owen v. Kerr-McGee Corp., 698 F.2d 236 (5th Cir.1983), and because the verdict was not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Accordingly, the judgment of the trial court is hereby affirmed. Costs of this appeal are to be paid by appellant.
AFFIRMED.