*853 ON REMAND FROM THE SUPREME COURT
WILLIAMS, Judge.
Relator, an American citizen, filed suit to recover damages under the Jones Act and general maritime law for two injuries. The first injury he received allegedly while working on a vessel, built in the United States, registered in Panama, and located at the time of the accident off the coast of West Africa. He was working under an employment contract with McDermott International, Inc./Marine Contractors, Inc., both corporations organized and existing under the laws of Panama. The contract specifically provided for employment in the “West Africa area.”
The second “injury” occurred while he was working in a repair yard in Nigeria. He alleges that this second "injury” was an aggravation of his infected leg, which became infected after the first accident.
The defendant, McDermott International, Inc., filed exceptions of no right or cause of action which were granted on the ground that the case was subject to and governed by the laws of Panama, not the Jones Act or general maritime law. On April 29, 1989, the trial court issued a “recall and amended order” stating it did not intend to “dismiss the case or any of the causes of action but to simply apply (sic) Panamanian law to the facts thereof.” The plaintiff sought writs from the amended judgment arguing Wilander v. McDermott International, Inc., 887 F.2d 88 (5th Cir.1989), reh. den. 894 F.2d 406, cert. granted in part, McDermott International, Inc. v. Wilander, — U.S. -, 110 S.Ct. 3212, 110 L.Ed.2d 660 (1990) was determinative and that Schexnider v. McDermott, 817 F.2d 1159 (5th Cir.1987) cert. den., McDermott v. Schexnider, 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987) was distinguishable.
This court denied writs based primarily upon Schexnider, Powell v. McDermott, unpub. (89-C-1574, La.App. 4th Cir., January 26, 1990). Relator next sought writs from the Louisiana Supreme Court. The Louisiana Supreme Court granted writs, remanding the case to this court for briefing, argument and opinion. Powell v. McDermott, 560 So.2d 2 (La.1990).
The determination of the law governing a maritime action is made pursuant to a multifactored analysis set out in Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), and further elaborated in Hellenic Lines, Ltd. v. Rhoditis, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970) (factors that have become to be known as the Lauritzen-Rhoditis (factors). They are:
1. the place of the wrongful act;
2. the law of the flag;
3. the allegiance of domicile of the injured seaman;
4. the allegiance of the defendant shipowner;
5. the place where the contract was made;
6. the accessibility of the foreign forum;
7. the law of the forum;
8. the base of operations.
In Schexnider, the relevant facts were:
The appellant, John A. Schexnider, is an American citizen. He alleges an injury, occurring on April 12, 1981, while serving as a crewmember of the Derrick Barge 21(DB), which was performing work in the Java Sea off the coast of Indonesia. At the time of his accident, Schexnider was working pursuant to an employment contract with McDermott International, Inc., a Panamanian corporation. On March 6, 1981, in New Orleans, Schexnider had entered into the contract that called for him to work “in the Southeast Asia Area.”
During Schexnider’s service aboard the DB, the vessel flew the Australian flag. The DB was built in Australia, had been purchased by McDermott Australia, Ltd. in 1966, and had been refitted for use in Indonesian waters. At no time had the DB ever been within the territorial waters of the United States. At the time of the accident the DB was owned by McDermott Australia, Ltd., and was chartered to McDermott Southeast Asia, Pte., Ltd., both of which are foreign corporations not conducting any business *854 within the United States, although they are wholly owned subsidiaries of McDer-mott International Inc., and McDermott, Inc. (both U.S. corporations), respectively. Schexnider, at 1160.
The Fifth Circuit found that the trial court had correctly determined that Australian law applied to Schexnider’s suit:
In this case, the district court concluded that the application of these factors weighed in favor of applying Australian law. While the court found that the domicile of the injured party was in the United States, and his employment contract was made in the United States, the other factors favored applying Australian law. The district court found that the ship on which the accident occurred flew the Australian flag, the allegiance of the defendant shipowner was Australian, Australian law was presumed adequate since the plaintiff had not shown otherwise and the shipowner’s base of operations was abroad. The district court also found that the ship was never intended to and never did sail in American, waters, and that while the plaintiff did sign on for work in this country, the employment contract specifically provided that employment was for the “Southeast Asia area.”
Of particular significance in this case is the fact that the ship on which Schex-nider was injured flew the Australian flag. The law of the flag is given great weight in determining the law to be applied in maritime cases. As the Supreme Court has held, the law of the flag is “the most venerable and universal rule of maritime law,” which “overbears most other connecting events in determining applicable law ... unless some heavy counterweight appears.” Lauritzen, 345 U.S. at 584, 73 S.Ct. at 929. The district court found that under the facts of this case, heavy counterweights which favored applying American law did not exist. We agree.
Furthermore, a related consideration is that the DB was built in Australia, and in accordance with Australian standards. This clearly favors the application of Australian law since part of Schexnider’s unseaworthiness claim relates to the way in which the staircase was built on the DB. In addition, the district court presumed, without challenge, that the Australian courts would be available and adequate for the litigation of this case. The principal factor favoring the application of American law is the fact that Schexnider is a United States citizen. But this is not sufficient to outweigh the factors favoring the application of Australian law, especially the law of the flag. Schexnider also argues that the fact that the ultimate parent corporation (the DB is owned by a subsidiary of a subsidiary), McDermott, Inc., is an American corporation, militates in favor of applying American law. But we do not regard as significant the fact that McDermott, Inc. is an American corporation given the fact that the day-to-day operations of the vessel were, according to the district court, controlled by McDermott’s Southeast Asian and Australian subsidiaries.
The preponderance of the Lauritzen-Rhoditis factors clearly favors the application of Australian law. First, and perhaps most important, the law of the flag is Australian. Furthermore, the DB was built in Australia according to Australian standards, the day-to-day operations of the DB were governed in part by an Australian subsidiary of McDermott, and Australian courts and law are available to provide relief. By way of contrast only the fact that Schexnider is a United States citizen clearly favors the application of American law. Given the heavy balance in favor of applying Australian law, we agree with the district court that Australian law governs Schexnider’s lawsuit. Id. at 1161, 1162.
Schexnider appears so factually close to this case as to be controlling. While the domicile of the injured party was in the United States, and his employment contract was made in the United States, the other factors favor applying Panamanian law. The ship on which the original accident occurred flew the Panamanian flag. The allegiance of the defendant shipowner, Marine Contractors, Inc., was Panamanian. *855 Panamanian courts are presumed to provide relief, and Panamanian law is presumed adequate since the relator has not shown otherwise, and the shipowner’s base of operations was abroad. The vessel, although built in the United States, only sailed in this country’s waters for a few days while it was being tested. It has never returned to this country, and from the facts thus far presented, there is no indication that it was ever intended to sail in American waters. While the relator did sign on in this country for work, the employment contract specifically provided that employment was for the “West Africa area.”
As in Schexnider, of particular significance in this case is the fact that the ship flew the Panamanian flag. The law of the flag is given great weight in determining the law to be applied in maritime cases.
The relator argues that Wilander distinguished Schexnider to his benefit. In Wil-ander, the defendant (McDermott International) sought review of the trial court’s ruling that the plaintiff’s claim had no basis in American law. The jury’s answers to interrogatories found that the plaintiff was either permanently assigned to, or performed a substantial amount of work aboard an American flag vessel (The Gates Tide) which was not owned by the defendant; that the plaintiff was either permanently assigned to, or performed a substantial amount of work aboard a foreign flag vessel (barge DB-9 on which the plaintiff was quartered); and that the plaintiff was either permanently assigned to, or performed a substantial amount of work aboard the fixed platform (which the Gates Tide was sandblasting and on which the plaintiff was injured). The defendant cited Schexnider for the proposition that since the plaintiff was injured in a foreign place and was a seaman as to the DB-9, American law did not apply. The Fifth Circuit ruled narrowly with respect to Schexnider, holding simply that the case does not hold that American law cannot apply to a claim by an American who is a seaman as to an American-flag vessel but who is “permanently assigned” to living quarters or who has “substantial” duties aboard a foreign flag vessel. The above quoted excerpt of Schexnider was cited with approval that “the law of the flag is given great weight in determining the law to be applied in maritime cases.” Since there was sufficient evidence from which the jury could have found that the plaintiff was acting in the service of the American flag Gates Tide, the court refused to rule on writs, before the entire case was heard and transcribed, that the injury on the foreign fixed platform was not covered by American law.
As such, Wilander does not help relator’s position, but in fact strengthens the policy that the law of the flag is to be given great weight in determining the applicable law.
The relator has put forth other arguments in its “Reply Brief”, but these are easily dismissed. First, the relator seems to suggest that the law applicable to the case is determined by the United States criminal jurisdiction. There is absolutely no support for this argument.
Next the relator argues that this court is not bound to follow the federal court in Schexnider. However, maritime cases are governed by federal substantive law whether brought in federal or state court. 28 U.S.C. Section 1333; McCraine v. Hondo Boats, Inc., 399 So.2d 163, cert. den., Hondo Boats, Inc. v. McCraine, 458 U.S. 1105, 102 S.Ct. 3483, 73 L.Ed.2d 1366 (1982); Lavergne v. Western Co. of North America, Inc., 371 So.2d 807 (La.1979).
It does not appear the trial court erred in finding Panamanian law applicable.
WRIT GRANTED; JUDGMENT AFFIRMED.
ARMSTRONG, J., dissents with reasons.